MILLS, Judge.
Otto appeals from a workers’ compensation order denying his claim for medical costs and continuing psychiatric care. We affirm.
Otto had an industrial accident on 1 January 1982, injuring his right ankle and foot. Doctors originally diagnosed a sprained ankle. Some months later, however, Otto was referred to Dr. Liss, a podiatrist, who discovered fractures in the foot. Dr. Liss operated on Otto’s foot in February 1983 and again in September 1983.
In November 1983, Otto began showing signs of severe emotional instability and stress. On 16 November 1983, he was taken to Broward General Medical Center where he was observed and then placed, pursuant to the Baker Act, in South Florida State Mental Hospital in the Crisis Stabilization Center. After observation, Otto was released to his parents. Approximately 24 hours later, his mother took him to University Hospital for further observation. After 12 hours at Univérsity Hospital, he was taken to Fort Lauderdale Psychiatric Hospital, where he was admitted by Dr. Vallejo, a psychiatrist and Otto’s subsequent treating physician. Otto was admitted to Fort Lauderdale Psychiatric Hospital on 20 November 1983 and discharged on 28 November 1983.
Otto asserted his psychiatric condition resulted from the foot injury, and sought payment by the employer/carrier (E/C) for the related medical expenses. The E/C controverted, denying a causal connection between the industrial accident and Otto’s psychiatric condition.
Dr. Vallejo diagnosed Otto as suffering from (1) affective disorder, bipolar mixed, and (2) post-traumatic neurosis. He testified that the foot injury initiated a series of events which led to Otto’s nervous breakdown.
At the E/C’s request, Dr. Jordan, another psychiatrist, examined Otto. Jordan testified that Otto’s psychiatric condition was unrelated to the industrial accident. Jordan said the condition was related to a personality disorder which existed long before the industrial accident, and was likely related to anxiety stemming from an illegal drug deal which Otto told Jordan he was involved in.
The deputy denied the claim. He rejected Dr. Vallejo’s testimony and accepted Dr. Jordan’s. He concluded Otto’s psychiatric condition was not “in any way related, aggravated, or accelerated by the industrial accident.”
Otto first asserts the deputy committed five procedural errors at the hearing. Although workers’ compensation hearings are subject to the rules of evidence, Odom v. Wekiva Concrete Products, 443 So.2d 331 (Fla. 1st DCA 1983), the alleged errors are insignificant because they affect only tangential testimony. To decide the case, the deputy had to choose between different medical opinions of causation. Because none of the alleged errors affected the medical testimony, they are harmless if error at all.
Otto next contends the deputy’s finding that he has a history of substance abuse is not supported by competent substantial evidence. We find competent substantial evidence to support the finding in the testimony of Dr. Vallejo and Dr. Jordan. Both doctors testified Otto told them he had used cocaine.
Otto also contends the deputy erred in accepting Dr. Jordan’s testimony. First, he argues that Dr. Jordan’s opinion that his psychiatric condition was related to anxiety *610 stemming from an illegal drug deal was based on his hallucinatory statement that he was involved in a drug deal. Thus, the argument goes, Dr. Jordan’s opinion is not based on facts supported by the record. We reject this argument because there is nothing in the record conclusively showing Otto was hallucinating at the time he was examined by Dr. Jordan.
The second argument concerning Dr. Jordan’s opinion is that the deputy erred in failing to state why he accepted Dr. Jordan’s testimony and rejected Dr. Vallejo’s testimony. We find the deputy’s statement in the order that he found Dr. Jordan’s testimony “the most logical, well reasoned and acceptable” sufficient.
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.