JAMES LAWRENCE KING, Circuit Judge.
The Petitioner seeks review by certiorari of an order of the Florida Industrial Commission, reversing the Deputy Commissioner’s holding that James David Howell, Jr., was injured in the course of his employment and ordering Respondent to pay transportation expenses incident to remedial treatment at the Mayo Clinic.
*2 On August IS, 1962, a section of house trailer flooring, ten feet wide, fourteen feet long and weighing between 400 and 600 pounds slipped, crushing Petitioner beneath its full weight.
Petitioner Howell, in Í934, sustained an injury to his back while lifting a log in a C.C.C camp. Low back difficulties continued to bother him up until 1953 at which time he was operated on at the Mayo Clinic in Rochester, Minnesota, for a ruptured disc. Following this surgery, Petitioner enjoyed a complete recovery and engaged in carpentry work full time for the last seven years preceeding the accident of August 15, 1962.
On the day of the accident Petitioner was treated at a West Palm Beach clinic and shortly thereafter came under the care of the first of three treating physicians. An orthopedic specialist, Dr. Cabell Young treated Petitioner Howell for approximately one month before reaching an impasse and suggesting to the Respondent that the Petitioner be sent to another orthopedic specialist. At the time of the change of specialists, Dr. Young was considering the possibility that the Petitioner might have a ruptured disc in his back.
Petitioner Howell then came under the care and treatment of a second orthopedic specialist, Dr. Richard D. Ploover, who continued to treat him for his low back difficulties until June 20, 1963. Dr. Hoover testified that the Petitioner was suffering from a ruptured disc when he last saw him on June 20, 1963 however, this disc was not related to the original accident for which he had previously treated that patient, but was the result of an intervening accident in which Petitioner Howell ■ had injured his back while leaning over to pick up some mangoes. Mr. Howell’s testimony was that he had related to the doctor the incident, wherein he had stooped to pick up' a single mango and had been unable to thereafter stand upright, only for the purpose of illustrating the severity of his low back pain.
On July 23, 1963, the Respondent sent Petitioner Howell to Dr. Howard K. Peacock, a third orthopedic specialist, who continued to treat the Petitioner up' to the time of hearing before the Deputy Commissioner. Dr. Peacock testified that the Petitioner was suffering from cervical and lumbar discs directly attributable to the accident of August 15, 1962. The doctor further testified that only fifty percent of the low back difficulty was attributable to the accident of August 15, 1962, and fifty percent pre-existed said accident as result of the 1934 injury and subsequent major surgery at Mayo Clinic.
The Petitioner was desirous of being treated at the Mayo Clinic since his prior experiences with that institution inspired him with confidence in their medical ability.
On the foregoing facts, the Deputy Commissioner correctly found that Petitioner’s injuries were incurred in the course of his employment and directly related to the August 15 accident with the present lumbar disc being an aggravation of a preexisting condition. The Deputy specifically found that the “mango incident” did not constitute a new injury but was an exacerbation only.
As we have repeatedly held, it is not for us, nor the Florida Industrial Commission, to assess the probative force of the medical testimony introduced before the Deputy Commissioner. In United States Casualty Company v. Maryland Casualty Company, 55 So.2d 741, (Fla.1951), this Court said:
“Any fact-finding individual, group or board created as such by lawful authority is at least acting in a quasi-judicial capacity and as such fact-finding arbiter his, or its, findings are entitled to great weight and should not be reversed unless there is no competent, substantial evidence which supports such findings. See Nelson v. State, ex rel. Quigg, 156 Fla. 189, 23 So.2d 136.
*3 ******
"The fact-finding arbiter is usually in a better position than the reviewing body to judge the ability, experience and reputation of the various so-called expert witnesses who appear personally before him and to determine the weight which should be given their testimony. One doctor may have a long list of degrees behind his name, while another has but few. However, the latter might, by his demeanor on the witness stand and by his freedom and clarity of expression, disclose a familiarity with the subject under discussion which far exceeds that of the obstensibly better educated theorist. We are of the opinion the ‘substantial evidence’ rule should be invoked in all cases. Even in cases which must be resolved upon a true appraisal of testimony of medical experts, the deputy commissioner’s findings of facts should be upheld unless there is no competent, substantial evidence, which accords with logic and reason, to sustain them. It is our view that under existing law the full Commission when reviewing a matter which has been heard by a deputy commissioner should give to his findings of facts about the same weight that this Court is required to give to the findings of facts made by a Chancellor, and the full Commission should not reverse the findings of facts made by a deputy commissioner unless it is made to appear that those findings of facts are not sustained by competent, substantial evidence.”
Here then is competent substantial evidence to sustain the findings of the Deputy Commissioner and the full Commission. erred in reversing these findings.
We further conclude that it was appropriate, under the facts of this case, for the Deputy Commissioner to order out of state treatment for the Petitioner. The guide lines for the ordering of such treatment were clearly established in Fla. Cartage Co. v. Tyler, 90 So.2d 291 (Fla.1956) wherein this court affirmed an order of the. Deputy Commissioner providing for payment of costs incident to sending an employee to the Mayo Clinic.
It is ordered the Writ of Certiorari be issued as prayed and the order of the Florida Industrial. Commission be and it is quashed with directions to reinstate the order of the Deputy Commissioner.
' THORNAL, C. J., and ROBERTS and DREW, JJ., concur.
THOMAS, J., dissents.