377 So.2d 821 (1979)
K-MART CORPORATION, Appellant,
v.
Jessie NASONI, Appellee.
No. QQ-30.
District Court of Appeal of Florida, First District.
December 13, 1979.
John F. McMath, P.A., Miami, for appellant.
Gerald A. Rosenthal of Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zientz, P.A., Miami, for appellee.
PER CURIAM.
Appellant challenges the JIC's order directing the employer to provide examination, *822 evaluation, and recommendations relative to future treatment for the claimant. The record reflects that the employer initially furnished medical treatment and, when claimant's counsel requested an evaluation by a second physician of the claimant's choice, his services were also authorized and paid for by the employer.
The issue presented is whether the judge can require the employer to bear the expense of another evaluation by yet a third physician, in the absence of a conflict in the medical evidence. We believe not. There has been no allegation that the remedial treatment furnished was inadequate or otherwise inappropriate. The order appealed makes no such finding, but is apparently based upon the judge's desire to have a third evaluation in light of the claimant's assertion that she continues to experience pain in the injured thumb. Section 440.29(1), Fla. Stat., would appear to accord him such power, but the cost of such an inquiry cannot, in this instance, be charged to the employer. Lu-Mar Enterprises, Inc. v. Mazur, 8 FCR 248 (1974). The order is accordingly reversed insofar as it directs that the employer provide examination, evaluation and recommendations relative to future treatment for the claimant by Dr. Alexander Angelides.
McCORD, SHAW and WENTWORTH, JJ., concur.