378 So.2d 99 (1979)
UNITED RECORDS & TAPES and United States Fidelity & Guaranty Company, Appellants,
v.
Annette DEALL, Appellee.
No. QQ-237.
District Court of Appeal of Florida, First District.
December 28, 1979.
Jerry V. Wilkey, Coral Gables, for appellants.
Richard A. Sadow of Sadow & Lynne, North Miami, for appellee.
McCORD, Judge.
This appeal is from a workmen's compensation order. Among other points raised, appellant contends that the judge of Industrial Claims erred in awarding transportation and living expenses to appellee for out-of-state medical treatment. Appellee traveled to New York on two occasions, once in 1975 and again in 1976, to undergo an examination and operation on her hand in 1976 by Dr. Robert Beasley, a New York hand surgeon, through referral from Dr. Jack Norman, appellee's Florida treating physician. Appellant agreed to pay for the medical examination and operation by Dr. Beasley but did not agree to pay appellee's transportation costs or living expenses in New York.
The judge of Industrial Claims ordered appellant to reimburse appellee for such expenses. This was error, and we reverse the ruling as to such expenses. An employer/carrier should not be required to furnish the cost of out-of-state remedial treatment unless competent substantial evidence is presented to show that local treatment or evaluation would be unavailable or less beneficial to the claimant. There must be competent substantial evidence that the nature of the injury or the process of recovery requires remedial treatment in another state because equal treatment is unavailable in Florida. See Keifer v. Cajun Diner, 2 FCR 258 (1957); Mart One, Inc. v. Thronson, IRC Order 2-3507 (August 21, 1978). In the spirit of cooperation, however, an employer/carrier may agree to pay for out-of-state medical treatment or consultation without agreeing to also pay for out-of-state *100 traveling and living expenses if it objects to such latter payment at the time it agrees to the former. If such an agreement is made, the employer/carrier will only be bound to pay out-of-state transportation and living expenses when the claimant shows the necessity for the out-of-state treatment.
We have considered the other questions raised on this appeal and find them to be without merit.
Reversed and remanded with directions that the order of the judge of Industrial Claims be modified to conform to this opinion.
LARRY G. SMITH and SHIVERS, JJ., concur.