379 So.2d 1004 (1980)
Bernard A. DECKER, Appellant,
v.
CITY OF WEST PALM BEACH and Liberty Mutual Insurance Company, Appellees.
No. QQ-70.
District Court of Appeal of Florida, First District.
February 11, 1980.
*1005 Janet W. Freeman of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Patrick J. Malone of Anthony J. Beisler, P.A., West Palm Beach, for appellees.
PER CURIAM.
Claimant seeks review of an order of the judge of industrial claims wherein claimant's average weekly wage was determined to be $196.47, and claimant's relocation expenses were determined to be unrecoverable from the carrier.
Claimant contends that his expenses for relocation to North Carolina should be recoverable from the carrier because medical testimony established that the relocation would be beneficial to the claimant from a psychiatric standpoint. Claimant suffered from a mixed anxiety depressive neurosis. Claimant's psychiatrist testified that a move from the West Palm Beach area would be necessary for the treatment of claimant's psychiatric condition. Claimant testified that he was moving to North Carolina because his in-laws were moving there and because his psychiatrist thought it would be helpful for him to leave the West Palm Beach area.
The judge found that claimant's relocation expenses were not recoverable because the relocation, although incidentally beneficial, was only marginally helpful for claimant's complaints.
We agree that the carrier should not be required to reimburse claimant for his relocation expenses in this case. Although the evidence might support a finding that a move was necessary for treatment of claimant's condition, there was no showing that a move to North Carolina was reasonable or necessary for claimant's treatment, even assuming that relocation may be considered as remedial treatment. Out-of-state remedial treatment may be compensable where local treatment or evaluation would be unavailable or less beneficial to claimant and where equal treatment is unavailable in Florida. See Keifer v. Cajun Diner, 2 FCR 258 (1957); Florida Cartage Company v. Tyler, 90 So.2d 291 (Fla. 1956); Howell v. Cottage-Ette Mfg. Co., 186 So.2d 1 (Fla. 1966).
However, we find that the order must be reversed and remanded for more definitive findings of fact on the question of claimant's average weekly wage. See Brown v. S.S. Kresge Company, Inc., 305 So.2d 191 (Fla. 1974). The issue of claimant's average weekly wage was a highly controverted one, and we are unable to determine from the judge's order the basis of his determination of that issue. Accordingly, the order is reversed and remanded.
McCORD, LARRY G. SMITH and SHIVERS, JJ., concur.