WENTWORTH, Judge.
Appellants raise three points on appeal. Our determination of their second point renders the other points moot. Appellants argue that the deputy commissioner erred in denying their motion for leave to present additional evidence. We agree and reverse the order with instructions that the deputy commissioner allow appellants to present additional evidence in rebuttal of the additional evidence presented by claimant at the request of the deputy.
After the final hearing in this case, the deputy commissioner sent a letter to the parties instructing them that he was continuing the case. He instructed claimant to take additional deposition testimony of Dr. Rencher, specifically asking him questions as to causation and maximum medical improvement. Appellants moved to be allowed to present evidence in rebuttal of Dr. Rencher’s additional testimony. The motion was denied.
In Exxon Company v. Alexis, 370 So.2d 1128 (Fla.1978), the Supreme Court held that there was no reversible error when a deputy commissioner allows a party to reopen his case, so long as the other party is not prejudiced thereby. In Exxon, the court found no prejudice because the other party was allowed to present rebuttal evidence following the additional evidence allowed by the deputy commissioner.
In the situation presented here the deputy commissioner on his own motion reopened the case. That distinction does not support departure from the principle recognized in Exxon. When a party is allowed to present additional evidence, the opposing party should be allowed to present rebuttal evidence.
Accordingly, the order is reversed and the cause remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr. and ERVIN, JJ., concur.