LARRY G. SMITH, Judge,
dissenting with opinion.
I do not think “causal relationship” was ever an issue in the proceeding below. Consequently, I disagree with the majority’s decision, which is based upon the majority’s conclusion that “there is a complete lack of competent substantial evidence as to ... a causal relationship” between the accident and the condition for which treatment was ordered. I think the testimony of the claimant shows that she still has the symptoms she experienced after being struck in the back by a forklift over a year prior to the hearing, specifically, pains in the low back area. Her testimony alone is sufficient basis for a finding of causal connection. See Decks, Inc. of Florida v. Wright, 389 So.2d 1074 (Fla. 1st DCA 1980). The connection between her symptoms as described at the hearing and the prior accident was never questioned by counsel for the employer/carrier below. The Deputy Commissioner, who heard and evaluated the claimant’s testimony, and evaluated the medical reports introduced into evidence, determined the causal relationship issue in favor of the claimant, in absence of any contrary evidence. It is noted, however, that the Deputy Commissioner specifically determined that recent problems the claimant was having with her neck were not causally related to her accident.
Although the E/C argues here that there was no medical evidence to support the order for further palliative care, the claim was not defended below on lack of causal relation, and I fail to find any reference to lack of causal relation in the E/C’s brief before this court. The claim was controverted below for the reasons stated in the pretrial stipulation: That all benefits due had been timely paid or provided by the E/C; the employee had reached MMI; and the E/C had provided two orthopedic evaluations.
There is nothing in the claimant’s claim suggesting that she was merely seeking an “evaluation.” At the commencement of the hearing below, claimant’s attorney stated that she continued to have symptoms, could not afford to go to a doctor, and wanted to see “another doctor of the Court’s choice.” He further stated: “We don’t really have . . . any idea about who you might want her to see. We don’t even care. Let’s just see if we can get this lady some treatment.”
The primary thrust of the E/C’s argument in this court is that because the claim for “further medical treatment” specified, parenthetically, “(orthopedic, neurologic, chiropractic),” the E/C was not adequately notified of and should not have been required to defend a claim for “palliative” care by a “general practitioner” as ordered by the Deputy Commissioner. If this position is accepted as meritorious by this court, then this cause should be reversed and remanded to the Deputy Commissioner for another hearing, not merely reversed.[1] I conclude, however, that the notice was adequate. No contention was made below nor here that the E/C was prejudiced in any manner or misled by the stipulated issue, nor that its position would have been any different under a differently worded claim. No objection was voiced below when the claimant’s attorney made it clear that “we don’t even care” what doctor the Deputy Commissioner might provide for the claimant. It is clear, of course, that the claimant did not wish to return to either of the two orthopedics who had evaluated her. She was obviously dissatisfied, and her dissatisfaction had in fact been noted by one of the doctors, who for that reason recommended further consultation with another doctor. It should be noted that the position of the E/C was, as expressed by their attorney at the hearing, simply that “we’ve done all that we’re required to do.”
It appears to me that the majority’s decision overlooks the posture of the case as presented to the Deputy Commissioner. At *1024 one point the Deputy Commissioner stated (in response to the E/C's attorney’s statement that the claimant had never asked to return to either of the two orthopedic physicians who had seen her): “Well, she is entitled to palliative treatment.” In response, the E/C’s attorney said: “There’s ... no one’s denied it to her.” On appeal, however, we find the E/C taking just the opposite stance. That is, they are denying the claimant’s right to and resisting the order for palliative care. Thus, even though the claimant’s right to palliative care was in effect conceded by counsel for the E/C at the hearing, this court is now announcing its own decision to the contrary.
The claim for “further medical treatment” seems to me to be sufficient as a claim for medical treatment of whatever nature of the claimant might be entitled to receive. The order for palliative care, in my opinion, is based upon a correct interpretation of the facts and the applicable law.
The question whether medical benefits extend to palliative measures useful only to prevent pain and discomfort after all hope of cure is gone has produced a split of opinion. A substantial majority of jurisdictions allows such benefits, .... (Larson’s Workmen’s Compensation Law, § 61.14)
Florida is among the jurisdictions following the “majority” view. See DiGeorgio Fruit Corp. v. Pittman, 49 So.2d 200 (Fla.1950); Section 440.13, Florida Statutes (1977).
The claimant in the present case had not seen a physician for more than a year prior to the hearing. The medical reports demonstrate conclusively that the claimant received certain treatments more than a year prior to the hearing with results which were unsatisfactory to her, and there was uncon-tradicted testimony at the hearing that she still continues to suffer the same symptoms. These circumstances, together with the fact that she did not seek and the order did not provide simply for another “evaluation,” distinguishes this case from K-Mart Corporation v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979), and Cardinal Industries Inc. v. Dawkins, 392 So.2d 368 (Fla. 1st DCA 1981).
I do not think this is an instance m which the court should allow two “no help” visits to physicians to override a finding by the Deputy Commissioner that the claimant is entitled to and should receive further medical assistance. Compare Barnett v. EMR Telemetry, et al., 396 So.2d 791 (Fla. 1st DCA 1981).
I would affirm the order of the Deputy Commissioner.

. Appellants’ brief states, in part: “When the D.C. misapprehends the issue before him as he clearly did in this case, it is necessary that his decision be reversed for a determination of the issue that was really before him,” citing Herder v. School Board of Palm Beach County, 388 So.2d 626 (Fla. 1st DCA 1980).