ROBERT P. SMITH, Jr., Chief Judge.
The employer and carrier appeal from the deputy commissioner’s order requiring that they provide claimant medical examination and treatment at the Duke University Medical School in Durham, North Carolina. The deputy’s order satisfies the standard for out-of-state medical treatment established by Decker v. City of West Palm Beach, 379 So.2d 1004 (Fla. 1st DCA 1980), and its antecedents, by finding in effect that equally beneficial treatment is not available in Florida. The deputy rightly held that the availability of local treatment facilities does not, in and of itself, conclude the issue; and that the controlling question is whether those facilities can afford equally beneficial treatment. Neither do we find fault with the order’s reference, a predicate for the ultimate finding complained of here, to medical evidence introduced at an earlier hearing, indicating the likely extent of benefits from further local medical efforts. As against appellants’ claim that this reference violates IRC decisions[1] precluding consideration of medical evidence introduced at a prior hearing but not at the hearing on the matter now in issue, we find that the evidence referred to was sufficiently elaborated in the deputy’s prior compensation order, which without objection was part of the record in the present proceedings, to support the deputy’s ultimate finding now that out-of-state medical treatment is reasonably required.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.

. City of Hallandale v. Jones, IRC Order 2-3440 (1978); Davidson v. Nezelek, IRC Order 2-3229 (1977); Newman v. Burdine’s Dadeland, IRC Order 2-2826(P) (July 25, 1975); IRC Order 2-2960 (Feb. 24, 1976), cert. denied, 339 So.2d 1167 (Fla.1976).