PER CURIAM.
In this workers’ compensation case, the claimant appeals an order of the deputy commissioner awarding disability benefits and attorney’s fees. We reverse and remand as to Points I and IV, relating respectively to alleged errors in the calculation of claimant’s average weekly wage and the amount of attorney’s fees awarded. We affirm as to Points II and III, finding them to be without merit to the extent they are not disposed of by our resolution of Point I.
Claimant was injured in a compensable accident on July 22, 1975. In his deposition and at the hearing on the claim for benefits, claimant testified that he earned $175.00 a week as salary plus commissions which averaged $55.00 to $75.00 per week. The employer testified that he paid claimant commissions in cash on a monthly basis, the amount averaging between $60.00 and $75.00 a week, in addition to paying claimant a salary of $175.00 per week at the time of the accident.
The deputy found that “(Claimant’s) rate of pay was $175.00 per week plus commissions. The commissions were paid in cash *267 on a monthly basis and no records were kept of the amount. The employee did not report the commissions to the Internal Revenue Service.”
From this finding we do not know whether the deputy disregarded the claimant’s and the employer’s testimony. The order has certain facial inconsistencies and the basis of the award is unclear. While the $105.00 per week for 25% permanent partial disability was the maximum compensation rate that could be awarded at the time of the accident, the order appears to state that commissions should not be included in the average weekly wage under the circumstances.
Commissions fall under the term “wages” and are to be included in a determination of the average weekly wage. See, Waymire v. Florida Industrial Commission, 174 So.2d 404 (Fla.1965); Section 440.02(12), Florida Statutes (1975).
Having found that claimant received commissions over and above his salary, the deputy erred in not finding a dollar amount and by not determining an average weekly wage dollar amount which clearly included the amount of commission income.
In Decker v. City of West Palm Beach, 379 So.2d 1004 (Fla. 1st DCA 1980), we reversed and remanded for more definitive findings of fact on the question of claimant’s average weekly wage where we were unable to determine from the order the basis of the deputy’s determination of that issue. See, Brown v. S. S. Kresge Co., 305 So.2d 191, 194 (Fla.1974); Eden Roc Hotel v. Karasik, IRC Order 2-2717 (1975); North Shore Hospital v. Courtright, IRC Order 2-2840 (1975).
The critical component in the formula for determining the duration of compensation for claimant’s permanent partial disability is “diminution of wage-earning capacity,” which presumptively represents the difference between the injured employee’s wage-earning capacity before and after the injury. Wage-earning capacity before the injury is measured solely by the employee’s average weekly wage. Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177 (Fla.1980).
The calculation of average weekly wage in this case does not go to the claimant’s compensation rate, but to the proper determination of his loss of wage-earning capacity, to be translated into a percentage of permanent partial disability benefits. See, American Health Plan v. Levin, IRC Order 2-3353 (1978). The inclusion of the commission income would result in an average weekly wage greater than $175.00. A comparison of the average weekly wage with claimant’s post-injury earnings, considered along with the Walker v. Electronic Products & Engineering Co., 248 So.2d 161 (Fla.1971), criteria to measure loss of wage-earning capacity, may result in an increase in the percentage of permanent partial disability. Such an increase would not affect the compensation rate, but would increase the number of weeks that claimant would receive payment of benefits. If it was the deputy’s intent to limit the average weekly wage to $175.00, this could have affected the determination of permanent partial disability. However, we do not wish to imply that the deputy could not appropriately make a determination of an overall 25% permanent partial disability of the body as a whole.
Accordingly, the cause is remanded for clarification and determination of that portion of the order concerning commissions and the related factual finding of average weekly wage, and for a re-evaluation of the attorney’s fees award in view of this court’s modification of the order on appeal.
ERVIN, SHIVERS and WENTWORTH, JJ., concur.