SHIVERS, Judge.
In this workers’ compensation case, the employer/carrier appeal two orders of a deputy commissioner. One order awards evaluation and treatment, if necessary, by Dr. F. DeWitt Stanford, and the other order awards wage-loss benefits. We affirm.
Appellants first contend that the deputy commissioner erred in awarding evaluation and treatment by Dr. Stanford, an orthopedic surgeon, because claimant had already been seen and treated by two orthopedic surgeons and there was no conflict in the medical opinions of those two doctors. Appellants cite section 440.-25(3)(b), Florida Statutes (1983) and K-Mart Corp. v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979). We think, however, that sufficient conflict existed in the respective deposition testimonies of Drs. Urbach and Pearson to justify the evaluation by Dr. Stanford pursuant to section 440.25(3)(b). Dr. Urbach testified that he found no specific pathology which could be directly related to the industrial accident. Dr. Pearson, however, opined that claimant had an acute lumbosacral sprain resulting from his industrial accident. Therefore, we find Na-soni inapplicable.
Competent substantial evidence supports the deputy commissioner’s finding that claimant sustained a permanent impairment as a result of the industrial accident. Dr. Stanford testified that claimant had an overall permanent physical impairment of 37% to the body as a whole based on the AMA Guides. He testified that 2% of this permanent impairment was causally related to the industrial accident of February 15, 1980. The fact that Dr. Stanford relied upon the history provided by claimant in making his assessment does not render the doctor’s opinion incompetent. The factual assumptions upon which Dr. Stanford based his opinion are supported by record evidence in the form of claimant’s testimony.
Because the deputy commissioner did not err in awarding wage-loss benefits, there is no error in the award of costs and in the reservation of jurisdiction for the determination of a reasonable attorney’s fee.
AFFIRMED.
MILLS and WIGGINTON, JJ„ concur.