497 So.2d 955 (1986)
LAYNE-WESTERN COMPANY & National Union Insurance Company, Appellants,
v.
Earl R. COX, Appellee.
No. BJ-395.
District Court of Appeal of Florida, First District.
November 17, 1986.
*956 Bernard J. Zimmerman and William H. Lore of Zimmerman, Shuffield, Kiser & Sutcliffe, Orlando, for appellants.
John P. Gierach of Gierach & Ewald, Orlando, for appellee.
ERVIN, Judge.
The employer/carrier (E/C) appeals an order requiring it to bear the expense of an evaluation by an out-of-state physician. We affirm.
The claimant sustained a compensable injury on October 31, 1984. He was initially seen by two osteopathic physicians and was then seen by Dr. Carducci, an orthopedic physician. Dr. Carducci found no objective signs of injury except minimum swelling and a possible ganglion. He was of the opinion that the claimant had reached maximum medical improvement (MMI) as of February 20, 1985 and that no surgical procedure was indicated. In view of his lack of objective findings to support the claimant's continued complaints of pain, Dr. Carducci was of the opinion that the claimant's disability was more functional than real.
The same opinion was essentially reached by Dr. Borrero, a specialist in hand surgery, who, after performing surgery on claimant's wrist, excising the wrist ganglion and restructuring some dorsal capsular ligaments of the wrist, was of the view that the wounds had healed perfectly with minimal scarring. He found that claimant had achieved MMI as of July 8, 1985, and recommended that he stop thinking about any slight discomfort in his wrist and go back to work as soon as possible.
Finally, claimant consulted Dr. Poiley, a rheumatologist, who, after treating him for some period of time without alleviating his continuing complaints of pain, opined that claimant was suffering from post-operative arthritis, and, being of the impression that he could not benefit the claimant by any further treatment, recommended that claimant be examined by Dr. Klinert, a world-renowned hand surgeon. Although Dr. Poiley regarded Dr. Borrero as being as good or better than any hand surgeon in Florida, he did not consider him to be "quite as good" as Dr. Klinert, who had trained Dr. Borrero. In Dr. Poiley's opinion, if anyone in the country could resolve claimant's unending complaints of pain, Dr. Klinert could do so. Based on the above opinion, as well as the rheumatologist's view that he could do nothing further for claimant's condition, the deputy entered the order now on review.
We regard the deputy's order as having made an implicit finding that an out-of-state evaluation was necessary because equally beneficial treatment was not available in Florida. As we observed in Herman J. Heidrich & Sons v. Floyd, 406 So.2d 1296, 1297 (Fla. 1st DCA 1981), the controlling issue to be decided in determining whether out-of-state treatment should be directed at the carrier's expense is not the availability of facilities within the state, but whether such facilities as are available "can afford equally beneficial treatment." See also Decker v. City of West Palm Beach, 379 So.2d 1004 (Fla. 1st DCA 1980). In that the deputy's determination is supported by competent and substantial evidence, it is
AFFIRMED.
SHIVERS, J., concurs.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
I dissent. The record and the deputy's order wholly fail to satisfy the standard for establishing a claimant's entitlement to out-of-state medical examination or treatment.
In K-Mart Corp. v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979) the E/C appealed an order requiring them to provide examination, evaluation and recommendations relative to future treatment for the claimant. The E/C had initially furnished medical treatment and when claimant's counsel requested an evaluation by a second physician of the claimant's choice, that doctor's services were also authorized and paid for *957 by the E/C. The court found that the Judge of Industrial Claims (Judge) could not require the E/C to bear the expense of yet another evaluation by a third physician in the absence of a conflict in the medical evidence. In the instant case, the deputy found no "blatant" conflict in the medical testimony, and there is no material conflict. In Nasoni there had been no allegation that the remedial treatment furnished was inadequate or otherwise inappropriate, and the order appealed made no such finding. As the court noted, the award of a third evaluation was apparently based on the judge's desire to obtain a third opinion in light of the claimant's assertion that she continued to experience pain in her injured thumb. The facts in Nasoni are almost identical to those in this case except that here the E/C were directed to pay the expense of obtaining an opinion from a fourth doctor even though the medical evidence showed that the claimant had already been treated by one of the best hand surgeons in the State of Florida.
The case of United Records & Tapes v. Deall, 378 So.2d 99 (Fla. 1st DCA 1979) also involved a hand injury. Deall's treating physician, Dr. Jack Norman, referred Deall to Dr. Robert Beasley, a New York hand surgeon who Norman apparently thought was the best hand surgeon in the country. This court reversed the deputy's award of expenses for the New York trip saying:
[a]n employer/carrier should not be required to furnish the cost of out-of-state remedial treatment unless competent substantial evidence is presented to show that local treatment or evaluation would be unavailable or less beneficial to the claimant. There must be competent substantial evidence that the nature of the injury or the process of recovery requires remedial treatment in another state because equal treatment is unavailable in Florida.
No such finding is made in the order on appeal, and it does not appear that there is any competent substantial evidence in the record which could support such a finding. On the contrary, the testimony indicates that although the claimant's treating physician, Dr. Borrero, is perhaps "not quite as good" as Dr. Klinert, Dr. Borrero is probably as good as or better than any hand surgeon in Florida. Deall requires that comparable treatment be unavailable in Florida, not that the best treatment in the country be available in Florida. The majority opinion would permit any claimant whose injury required specialized treatment and whose treating physician believed that some out-of-state specialist was "the best" in the field to obtain such out-of-state evaluation or treatment at the expense of the E/C. Such a result is not intended or contemplated by the Workers' Compensation Law. A claimant is entitled to competent qualified medical treatment by a doctor specializing in the treatment of injuries of the nature sustained. He is not entitled to examination, evaluation or treatment by an out-of-state doctor in the absence of evidence that local evaluation and treatment is unavailable or would be less beneficial to him, nor is he entitled to treatment by whichever doctor his treating physician may think is "the best in the country" in the needed specialty.
I would reverse the order directing the E/C to furnish the claimant an out-of-state examination by Dr. Klinert.