SHIVERS, Judge.
The employer/carrier (E/C) in this workers’ compensation case appeal an order of the deputy commissioner (DC) awarding the claimant temporary and permanent wage-loss benefits, evaluation by a rehabilitation counselor, continuing medical care, penalties, and costs. We find there to be competent substantial evidence in the record to support wage-loss benefits and a rehabilitation evaluation; however, we reverse the award of continuing palliative medical treatment as well as a portion of the penalties.
The record indicates that claimant began receiving authorized treatment from an orthopedic surgeon, Dr. Charles Abra-hamsen, in December 1986. In June 1987, Dr. Abrahamsen referred claimant to another orthopedic surgeon, Dr. Helfet, for a second opinion. Helfet, in turn, arranged for claimant to be examined by yet another orthopedic surgeon, Dr. Leffers. In his order, the DC authorized continuing pallia-taive medical treatment by either Dr. Lef-fers, Dr. Helfet, or another mutually agreed-upon physician. Since there is no indication in the record that the services furnished by Dr. Abrahamsen were inadequate or inappropriate, and no significant conflict in the three doctors’ diagnoses and recommended treatment, we find that the deputy erred in authorizing treatment by yet another physician. K-Mart Corporation v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979).
Last, the DC awarded penalties on late payment of wage-loss benefits, on the basis that the E/C failed to file notices to controvert. Claimant concedes on appeal that the E/C did in fact file three separate notices to controvert, corresponding to benefits claimed for the periods January 8, 1988-February 25, 1988, February 26, 1988-March 10, 1988, and May 13, 1988-May 31,1988. Accordingly, we reverse the DC’s award of penalties for those periods of time. The record indicates that no notices were filed for the periods August 15, 1987-January 7, 1988 and March 11, 1988-May 12, 1988. The award of penalties for those periods is therefore affirmed.
Accordingly, we affirm in part, reverse in part, and remand for correction of the order in accordance with this opinion.
SMITH, C.J., and WIGGINTON, J., concur.