545 So.2d 397 (1989)
SANLANDO REPROGRAPHICS and State Farm Insurance Co., Appellants,
v.
John VIDIMOS, Appellee.
No. 88-255.
District Court of Appeal of Florida, First District.
June 9, 1989.
Lamar D. Oxford, of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
Lawrence L. Lidfeldt, Maitland, for appellee.
WENTWORTH, Judge.
Employer/carrier seek review of a workers' compensation order by which temporary partial disability benefits were awarded, a medical evaluation was ordered, and *398 penalties were assessed. We find that the temporary partial disability benefits and penalties were properly awarded, although the order contains a misstatement which we correct as to the commencement date of such disability. However, we further find that the medical evidence is not in conflict and employer/carrier should not have been required to provide claimant with an unclaimed medical evaluation.
Claimant sought disability benefits for a back injury which was diagnosed by his treating physician as an acute exacerbation of a prior injury which involved displaced vertebrae and possible disc degeneration. The doctor could not say whether this condition was temporary or would result in permanent impairment, and indicated that claimant had not yet attained maximum medical improvement. Claimant remained briefly off work in accordance with the doctor's instructions, and then returned on light duty release with restrictions. Claimant continued to perform his prior job for approximately two months, and then resigned and obtained other employment. Thereafter maintaining one and sometimes two jobs, claimant continued to look for other higher-paying work. The doctor indicated that the job change was prudent and consistent with claimant's medical restrictions.
The deputy found that claimant terminated his former employment based upon the desire to obtain work within his restrictions. The deputy also found that claimant conducted a satisfactory job search, and did not voluntarily limit his income. There is competent substantial evidence in the record to support these findings, and temporary partial disability benefits were awardable. The deputy ordered that such benefits be commenced as of the date on which claimant terminated his former employment. While the deputy found, and the evidence establishes, that this occurred in January 1987, benefits were awarded as of January 1986, and we amend the order to correct this misstatement.
Although claimant did not request any additional medical evaluation or treatment, the deputy nevertheless ordered employer/carrier to provide a rheumatological evaluation and necessary treatment, suggesting that this would be in claimant's best interest as his physical abnormalities may have rheumatological origins. An additional medical evaluation may be ordered by a deputy pursuant to section 440.25(3)(b), Florida Statutes, in cases involving a conflict in the medical evidence. See Florida Welding & Erection Service v. Martin, 452 So.2d 101 (Fla. 1st DCA 1984). But the present case does not involve such conflict. And while an additional evaluation might be approved in accordance with the deputy's investigatory authority pursuant to section 440.29(1), Florida Statutes, this cost may not be charged to the employer/carrier. See K-Mart Corp. v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979). In the present case the deputy directed employer/carrier to furnish the additional rheumatological evaluation and treatment; the award of such unclaimed care in this manner is beyond the deputy's authority.
The order is amended to provide for the commencement of temporary partial disability benefits in January 1987. The award of rheumatological evaluation and treatment to be paid by employer/carrier is reversed. The order, as amended, is otherwise affirmed.
SHIVERS and NIMMONS, JJ., concur.