ALLEN, Judge,
concurring in part and dissenting in part.
I concur with the majority opinion in all respects except for the point relating to that portion of the judge’s order which directed the carrier to have the treatment rendered at the Texas facility evaluated by the staff at the Vanderbilt Institute for the Treatment of Addiction. I would reverse that portion of the order.
The employer/carrier argued that they were not responsible for treatment rendered by the Texas facility, because comparable medical facilities and services which could have provided equally beneficial treatment were available in claimant’s home state of Tennessee. As authority for this point, the employer/carrier relied upon Florida Cartage Co. v. Tyler, 90 So.2d 291 (Fla.1956), Layne-Western Co. v. Cox, 497 So.2d 955 (Fla. 1st DCA 1986), Herman J. Heidrich & Sons v. Floyd, 406 So.2d 1296 (Fla. 1st DCA 1981), Decker v. City of West Palm Beach, 379 So.2d 1004 (Fla. 1st DCA 1980), and United Records & Tapes v. Deall, 378 So.2d 99 (Fla. 1st DCA 1979). Those cases are authority for the proposition that the employer/carrier will have no responsibility for payment for out-of-state treatment where equally beneficial treatment could have been secured in the claimant’s home state.
The judge of compensation claims found that equally beneficial treatment could have been secured in the claimant’s home state. The judge then, however, proceeded to require the employer/carrier to gather information, at the expense of the employer/carrier, which could be used for no purpose other than to serve as a basis for requiring the employer/carrier to pay at least a portion of the expense for treatment in the Texas facility. The majority find that there was competent substantial evidence supporting the finding that equally beneficial treatment could have been secured in Tennessee. But, notwithstanding the holdings of the cases cited above, they find no reversible error in the requirement that the employer/carrier gather the cost information. I respectfully disagree with this latter conclusion.
If there was competent substantial evidence for the finding of the judge of compensation claims that equally beneficial treatment was available to claimant in her home state, and I agree with the majority *1300 that there was, then under the holdings in the cases cited above, the employer/carrier had no responsibility for paying for the out-of-state treatment. Consequently, there was no reasonable basis for the provision of the order requiring the employer/carrier to gather information regarding the relative costs of treatment in the Texas and Tennessee facilities.
The majority imply that some sort of equitable “recoupment” of the expense of out-of-state medical treatment can occur, even where a claimant is unable to satisfy the evidentiary prerequisite provided in the above-referenced cases. I believe this to be contrary to the holdings of those cases. Further, even if a new rule which would only relieve an employer/carrier of the difference between the cost of out-of-state and in-state treatment were to be announced, it seems to me to be clearly inappropriate to place the burden of gathering information as to the respective costs upon an employer/carrier, rather than upon a claimant who has created the problem by unnecessarily going out of state for treatment.
ON MOTION FOR REHEARING OR CLARIFICATION
Claimant correctly notes that this court’s opinion does not expressly address her claim for in-state medical bills incurred at Park Ridge Medical Center. However, the appealed order does not expressly resolve this matter, and there is no indication that claimant brought this issue to the attention of the judge below after entry of the order. Claimant was hospitalized at Park Ridge immediately before her transfer to the out-of-state Timberlawn facility, and the order appears to contemplate some further consideration as to the Timberlawn bills. Our opinion, which expressly noted the apparent non-final character of the order on the issue treated, does not preclude the judge from further consideration of the Park Ridge bills as well, if this should be her intention or desire.
Additional clarification is unnecessary, and claimant’s motion for rehearing is denied.
JOANOS, J., concurs.
ALLEN, J., concurs in part and dissents in part with written opinion.