576 So.2d 1366 (1991)
BERRY CORPORATION and Commercial Risk Management, Appellants,
v.
Charles Edward SMITH, Jr., Appellee.
No. 90-1713.
District Court of Appeal of Florida, First District.
April 3, 1991.
*1367 Claire L. Hamner of Dickinson, O'Riorden, Gibbons & Shields, P.A., Sarasota, for appellants.
No appearance for appellee.
ZEHMER, Judge.
Berry Corporation and Commercial Risk Management appeal a workers' compensation order awarding Charles Edward Smith, Jr., temporary partial disability benefits, payment of outstanding medical bills, remedial treatment, care, and attendance through Dr. Melton, and costs. Only one of the issues raised on appeal requires discussion.
The employer and carrier argue that the judge of compensation claims erred as a matter of law in ordering an independent medical examination of the claimant in the absence of any conflict in the medical evidence presented at the hearing, and that, in light of that error, the judge erred in relying on the independent medical examiner's opinion and rejecting the treating physician's opinion regarding the cause of claimant's medical condition. We do not entirely agree for the following reasons.
A judge of compensation claims is authorized to order an independent medical examination pursuant to his investigatory powers provided in section 440.29(1), Florida Statutes (1987).[1] In the absence of conflicting medical evidence submitted at the hearing, however, the judge may not order an employer or carrier to bear the expense of the independent medical examination. § 440.25(3)(b), Fla. Stat. (1987).[2]Sanlando Reprographics v. Vidimos, 545 So.2d 397 *1368 (Fla. 1st DCA 1989); Amoco Container Company v. Singh, 418 So.2d 395 (Fla. 1st DCA 1982); K-Mart Corporation v. Nasoni, 377 So.2d 821 (Fla. 1st DCA 1979); Lu-Mar Enterprises v. Mazur, 8 FCR 248 (1974).
In this case, there was no conflict in the medical evidence presented at the initial merits hearing. Thus, the judge of compensation claims erred in ordering an independent medical examination to be performed at employer and carrier's expense. The judge did not, however, err in ordering the independent medical examination to assist him in ascertaining the rights of the parties. Furthermore, the judge certainly was authorized to rely on the independent medical examiner's opinion. See § 440.25(3)(a), Fla. Stat. (1987) (judge of compensation claims is to give the same consideration to the opinion of an independent medical examiner as that of the other physicians). Accordingly, we reverse the requirement that employer and carrier bear the expense of the independent medical examination, and affirm the remainder of the order.
AFFIRMED IN PART and REVERSED IN PART.
BOOTH and WOLF, JJ., concur.
NOTES
[1] § 440.29(1), Fla. Stat. (1987), states in pertinent part:

In making an investigation or inquiry or conducting a hearing, the deputy commissioner shall not be bound by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry, or conduct such hearing, in such manner as to best ascertain the rights of the parties... .
[2] § 440.25(3)(b), Fla. Stat. (1987), states in pertinent part:

... When there is a conflict in the medical evidence submitted at the hearing, the deputy commissioner may designate a disinterested doctor to submit a report or to testify in the proceeding, after such doctor has reviewed the medical reports and evidence, examined the claimant, or otherwise made such investigation as appropriate. The report or testimony of any doctor so designated by the deputy commissioner shall be made a part of the record of the proceeding and shall be given the same consideration by the deputy commissioner as is accorded other medical evidence submitted in the proceeding; and all costs incurred in connection with such examination and testimony may be assessed as costs in the proceeding, subject to the provisions of s. 440.13(4)(a)... .