645 So.2d 121 (1994)
SCOTTY'S, INC. and Scott Wetzel Services, Inc., Appellants,
v.
Joseph SARANDREA, Appellee.
No. 93-1547.
District Court of Appeal of Florida, First District.
November 14, 1994.
*122 Robert A. LeVine of Gluckman, Newman & LeVine, P.A., Tampa, for appellants.
Martin B. Donohoe of Vaughan, Donohoe & Thompson, Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellee.
PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) awarding various benefits to claimant Joseph Sarandrea. Scotty's, Inc., and Scott Wetzel Services, Inc., the employer and carrier (E/C), raise two issues on appeal: Whether the JCC erred in rejecting uncontroverted medical evidence that claimant reached maximum medical improvement (MMI); and whether the JCC erred in ordering Dr. Richard Rhodes to perform an independent medical examination (IME) at the E/C's expense. We affirm in part, reverse in part, and remand.
On September 26, 1991, claimant injured his lower back while working for Scotty's. Claimant, who was diagnosed as having a disc herniation at L5-S1, sought treatment from several chiropractors, principally, Dr. James Yenzer and Dr. Lindell McKinnon. Dr. Yenzer treated claimant from December 1991 to April 1992, and Dr. McKinnon treated claimant from August 1992 through the date of hearing. Beginning in April 1992, claimant filed several claims seeking, interalia, temporary total disability (TTD), temporary partial disability (TPD), or wage-loss benefits; payment of all outstanding chiropractic bills; and payment for continuing chiropractic care by Dr. McKinnon.
Following a hearing, the JCC issued an order requiring the E/C to pay TTD benefits from April 9, 1992 through May 4, 1992; TPD benefits from May 5, 1992 through the date of the hearing; and payment of all past and future chiropractic treatment. The JCC also ordered claimant to obtain an IME from Dr. Richard Rhodes at the E/C's expense. According to the JCC's order, the IME would be significant as to "what treatment, if any, is required, and to obtain [an MMI] date and permanent impairment rating... . This would also be of great assistance to the Court, as Dr. McKinnon's testimony regarding [MMI] is unconvincing."
On appeal, the E/C argue that the JCC abused discretion in failing to establish claimant's MMI date according to Dr. McKinnon's testimony. We find merit in this argument. MMI is the date after which recovery or lasting improvement from an injury can no longer be anticipated. Rolle v. Picadilly Cafeteria, 573 So.2d 94 (Fla. 1st DCA 1991); section 440.02(8), Florida Statutes (1991). The question of when a claimant has reached MMI is essentially a medical question and, as such, should be answered by medical experts. Shop & Go, Inc. v. Hart, 537 So.2d 667 (Fla. 1st DCA 1989); Jackson *123 v. Dade County School Board, 454 So.2d 765 (Fla. 1st DCA 1984). The JCC must offer a sufficient reason for rejecting expert medical testimony, especially if such testimony is unrefuted. Calleyro v. Mt. Sinai Hosp., 504 So.2d 1336 (Fla. 1st DCA 1987); citing Jackson, supra.
Here, the only relevant medical evidence submitted by either party concerning MMI was the testimony of Dr. McKinnon.[1] Dr. McKinnon stated several times in his deposition that claimant had reached MMI and that claimant was "as good as he [was] going to get." As to a date, Dr. McKinnon said that claimant "probably reached, pretty much,[MMI] on January 27, 1993." We hold that Dr. McKinnon's testimony was sufficiently clear and adequate to establish MMI. Therefore, we reverse and remand for the JCC to either establish MMI according to Dr. McKinnon's testimony or state an adequate reason for rejecting such testimony.
As to the second issue, a JCC is authorized to order an IME pursuant to the investigatory powers provided in section 440.29(1), Florida Statutes (1991); Berry Corp. v. Smith, 576 So.2d 1366 (Fla. 1st DCA 1991). A JCC may order an IME to assist the JCC in ascertaining the rights of the parties. Id. at 1368. However, if there is no conflicting medical evidence at hearing, the JCC may not order the E/C to pay the cost of an IME. § 440.25(3)(d), Fla. Stat. (1991); Berry, supra; Sanlando Reprographics v. Vidimos, 545 So.2d 397 (Fla. 1st DCA 1989); Amoco Container Company v. Singh, 418 So.2d 395 (Fla. 1st DCA 1982). In this case, the JCC was authorized to order the IME pursuant to section 440.29(1), Florida Statutes. However, neither the date of MMI (see supra) nor any of the other reasons cited for the IME were the subject of conflicting evidence presented at hearing. Thus, it was error for the JCC to order the E/C to pay for it.
Accordingly, we reverse and remand for the JCC to provide an adequate reason for rejecting Dr. McKinnon's testimony. We affirm the order of IME, but reverse the E/C's responsibility for the cost pursuant to section 440.25(3)(d); Berry, supra.
BOOTH and MICKLE, JJ., concur.
BENTON, J., dissenting with written opinion.
BENTON, Judge, dissenting.
I respectfully dissent. The judge of compensation claims declined to make a finding as to when the claimant attained maximum medical improvement, because he found the only pertinent witness' testimony equivocal, not entitled to the weight necessary to justify such a finding, and, as he explicitly stated, "unconvincing." In other words, the judge of compensation claims concluded the appellants did not meet their burden of proof. We are no more entitled to reject this fact determination than we would be entitled to overturn a finding that maximum medical improvement had been reached as of some date certain which we would not have chosen, despite evidence in support of it that the judge of compensation claims credited.
"Even in a case where we would have reached precisely the opposite conclusion from the evidence (if we had been the finder of fact) we are bound by the ... findings [of a judge of compensation claims], unless they lack any substantial support in the record. Fact finding must be begun anew when there has been a breakdown in the original fact-finding process. But mere dissatisfaction with the result of the process is no justification for dishonoring the legislative judgment that the [judge of compensation claims], rather than a[n] ... appellate tribunal ..., should have the responsibility and authority for resolving conflicting factual claims." *124 Chicken `N' Things v. Murray, 329 So.2d 302, 306 (Fla. 1976).
I cannot agree with the suggestion that section 440.25(3)(d), Florida Statutes (1991) authorizes the judge of compensation claims to require anybody other than a party against whom costs are assessed to pay for the services of a "disinterested doctor" designated by the judge of compensation claims under that subsection. Here costs were assessed against appellants. Costs were awarded below to the claimant as prevailing party, in accordance with section 440.34(3), Florida Statutes (1991), and this award has not been questioned.
NOTES
[1] We reject claimant's argument that Dr. Rhodes's letter was competent evidence establishing claimant's failure to attain MMI. First, the letter was inadmissible hearsay, Butch's Concrete v. Henderson, 414 So.2d 652 (Fla. 1st DCA 1982), with no predicate laid for admission under any exception. § 90.803, Fla. Stat.; see, e.g., Lowe's of Tallahassee v. Giaimo, 552 So.2d 304 (Fla. 1st DCA 1989). Second, the letter does not necessarily conflict with Dr. McKinnon's finding of MMI since it only states that claimant was unable to work. See Stewart v. Resort Inns of America, 513 So.2d 1334 (Fla. 1st DCA 1987), quoting Ardmore Farms, Inc. v. Squires, 395 So.2d 268 (Fla. 1st DCA 1981).