ERVIN, Judge.
In this workers’ compensation appeal, Marcos Orona, the claimant, challenges the denial of his claim for medical benefits. He asserts specifically that the judge erred (1) in finding there was no medically necessary reason for granting his request for another authorized treating physician, and (2) in denying his request for an independent medical examination (IME), pursuant to section 440.13(5)(a), Florida Statutes (Supp.1994). We affirm as to the first point and reverse and remand as to the latter.
Claimant suffered a compensable injury to his left knee on May 4,1994. Arthroscopic surgery was performed by Dr. Beck-ner, an orthopedist, who diagnosed internal derangement of the left knee and thereafter pronounced claimant at maximum medical improvement (MMI) with a five percent permanent impairment (PI) as of November 1, 1994. He returned claimant to work with no restrictions. When claimant continued to complain of pain, the adjuster sent him to Dr. Rosen for an IME. Dr. Rosen, who saw claimant on one occasion, concluded that nothing further could be done for claimant. He agreed with Dr. Beckner that claimant had a five percent PI and returned him to work without limitations. Still complaining of pain, Orona returned to Dr. Beckner, who made a referral to Dr. Winters, another orthopedist in the same group with Beckner. Dr. Winters likewise stated he could do nothing further for claimant, and he returned him to work with no restrictions.
In our judgment, competent, substantial evidence supports the judge’s finding that there was no medically necessary reason for granting claimant’s request for another treating physician. If the record shows that there is no dispute in the doctors’ diagnoses and recommended treatment, there is no basis on which to authorize the appointment of another physician. General Mining & Materials v. Triplett, 545 So.2d 385 (Fla. 1st DCA 1989). Obviously, there was no dispute among the physicians as to claimant’s condition; therefore, the judge’s finding in this regard is affirmed.
We cannot agree, however, with the judge’s denial of claimant’s request for an IME. Claimant’s injury occurred after the 1994 amendment to section 440.13(5)(a), which changed the procedure for IMEs. Before its amendment, section 440.13(2)(b) allowed only the employer the right to select an IME physician and arrange for the exami *433 nation. Following the amendment, the employer and the employee both have the right to select a doctor of their choosing; however, limited control over the scheduling of the examination appears, under section 440.13(5)(c), to remain with the employer to the extent that the claimant’s attorney is precluded from scheduling the examination. Southern Bakeries v. Cooper, 659 So.2d 339, 340 (Fla. 1st DCA 1995).
In the present case, the claimant’s testimony is unrefuted that he did not select Dr. Rosen as his IME physician. His testimony was that the adjuster set the appointment with Dr. Rosen, and the adjuster confirmed that testimony. Nothing in the record therefore supports the judge’s finding that claimant selected Dr. Rosen as his IME physician, and that he was therefore not entitled to a second IME. In our judgment, the amendments to the statute were specifically designed to resolve disputes of this sort, in that section 440.13(5)(a) permits either party to select an examiner in order, among other things, to address disputes over medical benefits. The fact that none of the authorized physicians believed they could do anything more for the claimant does not, from our reading of the statute, preclude the claimant’s right to an IME with a physician of his own choice.
The legislature has spoken in plain and unambiguous terms in according to employees a specific right never previously provided to them — that of direct selection of a particular doctor at the employer’s expense to perform the evaluation — and we can do no less than honor the legislature’s intent.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN and BENTON, JJ., concur.