943 So.2d 911 (2006)
Nicholas WILLIAMS, Appellant,
v.
BCI INDUSTRIES and Alternative Service Concepts, Appellees.
No. 1D06-0469.
District Court of Appeal of Florida, First District.
December 1, 2006.
*912 Thomas A. Vaughn of Vaughn & Maxwell, P.A., Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Todd J. Sanders, Orlando, and Wanda Reas of Znosko & Reas, P.A., Maitland, for Appellees.
ERVIN, J.
Claimant, Nicholas Williams, appeals a final order of the judge of compensation claims (JCC) denying his requests for medical and temporary partial disability (TPD) benefits. Claimant argues the JCC erred by (1) denying his motion to continue the merits hearing for the purpose of allowing claimant to present evidence rebutting the testimony of Dr. Ronald Oppenheim, who conducted on claimant a post-hearing independent medical examination (IME), and (2) ruling that claimant had voluntarily limited his income after being released to work with restrictions. We affirm issue one, but reverse issue two, and remand the case for further proceedings.
After the merits hearing was concluded, the JCC determined the medical evidence presented was insufficient to enable him to reach a decision whether Williams was suffering from a neurological condition, and, in order to resolve the question, he appointed a neurologist, Dr. Ronald Oppenheim, to perform an IME, as authorized by section 440.29(1), Florida Statutes (2005), allowing JCCs to conduct investigations.[1] Claimant later filed a motion seeking a continuance of the hearing for the JCC to consider the records and/or testimony of two orthopedic physicians pertaining to arthroscopic surgery claimant had undergone after the performance of the neurological IME, and the report of an expert medical advisor (EMA) appointed following the hearing to resolve the conflict between the parties' orthopedic physicians. Because Dr. Oppenheim had deferred to claimant's orthopedic physicians with regard to orthopedic matters, claimant contends the JCC erred by denying the motion.
Our standard of review of an order denying a motion to reopen the evidence *913 for the purpose of receiving new evidence is that of abuse of discretion. See Gayton v. Mills Septic Tank, 695 So.2d 397 (Fla. 1st DCA 1997). Claimant fails to show the JCC abused his discretion by denying the motion. It is undisputed that a JCC may order an IME on his or her own motion. See, e.g., Scotty's, Inc. v. Sarandrea, 645 So.2d 121 (Fla. 1st DCA 1994); Berry Corp. v. Smith, 576 So.2d 1366 (Fla. 1st DCA 1991); Sanlando Reprographics v. Vidimos, 545 So.2d 397 (Fla. 1st DCA 1989); Atlanta Nat'l Real Estate Trust v. Rain, 392 So.2d 1339 (Fla. 1st DCA 1980); Lu-Mar Enters., Inc. v. Mazur, 8 F.C.R. 248 (IRC Order 2-2456 Mar. 12, 1974). None of these cases hold, however, that the JCC is then required to permit the parties to submit additional evidence to support or contradict the IME.
Although Williams cites several cases stating that a JCC who reopens a proceeding to allow additional evidence must allow rebuttal evidence, none of these cases involved a post-hearing JCC ordered IME. Instead, in each, one of the parties was allowed or directed to submit additional evidence. See, e.g., Exxon Co., U.S.A. v. Alexis, 370 So.2d 1128 (Fla.1978); Diamond R. Fertilizer v. Davis, 567 So.2d 451 (Fla. 1st DCA 1990); Tri-County Cmty. Council v. Gillis, 384 So.2d 48 (Fla. 1st DCA 1980). In contrast, an IME ordered by the JCC is party-neutral in that it is not submitted at the behest of either party.
Moreover, claimant sought to submit orthopedic evidence in rebuttal, whereas the JCC had already considered such evidence and determined the orthopedic issue at the previous hearing.[2] The JCC appointed Dr. Oppenheim to assist him in deciding only whether claimant was afflicted with a neurological condition.
The claimant also contends there was no competent, substantial evidence supporting the JCC's conclusion that claimant was not entitled to TPD benefits between August 1, 2003, and October 9, 2003 (the termination of the statutory 104-week period), on the ground that he had voluntarily limited his income. In so deciding, the judge otherwise found that claimant's treating physician, Dr. Jungreis, had released claimant to work on August 1, 2003, with restrictions, and claimant, during the applicable span in time, limited his job search to only one contact. Nothing in the record supports the finding that Dr. Jungreis then instructed claimant to return to work.
The notes and reports of Dr. Alexander Jungreis, a neurologist who provided claimant care from November 27, 2002, until July 7, 2004, repeatedly state that claimant was totally disabled from working. At his deposition of October 29, 2004, when counsel for the E/C inquired about restrictions Dr. Jungreis had imposed on claimant's activity "prior to August of 2003," Dr. Jungreis replied he did not believe he would have returned claimant to work at such time, and that, to his knowledge, claimant had not returned to work since his September 29, 2001, injury. Claimant testified that he was not aware that Dr. Jungreis had ever released him to return to work. "This court has held consistently that evidence the claimant is able to return to work is not sufficient to deny temporary total disability benefits in the absence of evidence the claimant was informed or should have known that he or she was released to work." Amburgey v. Palm Beach County Sch. Bd., 712 So.2d *914 426, 427 (Fla. 1st DCA 1998). Accord Fla. Hosp. Deland v. Wagner-Vick, 940 So.2d 588 (Fla. 1st DCA 2006); Seminole County Sch. Bd. v. Tweedie, 922 So.2d 1011 (Fla. 1st DCA 2006); Holiday Foliage v. Anderson, 642 So.2d 94, 98 (Fla. 1st DCA 1994).
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
ALLEN and WOLF, JJ., concur.
NOTES
[1] In making an investigation or inquiry or conducting a hearing, the judge of compensation claims shall not be bound by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry, or conduct such hearing, in such manner as to best ascertain the rights of the parties.
[2] The JCC informed claimant that he could file a motion for modification based on the EMA's post-hearing report, if warranted.