443 So.2d 331 (1983)
Amos ODOM, Appellant,
v.
WEKIVA CONCRETE PRODUCTS and Aetna Insurance Company, Appellees.
No. AS-342.
District Court of Appeal of Florida, First District.
December 28, 1983.
*332 Steven Burrage and Robert D. Melton, Orlando, for appellant.
James M. Hess of Driscoll, Langston & Kane, Orlando, for appellees.
NIMMONS, Judge.
Odom appeals from the deputy commissioner's order denying his claim for wage-loss benefits. We reverse and remand.
At hearing, a private investigator employed by the employer/carrier (E/C) testified that he attempted to verify Odom's job search list by visiting seventeen of the twenty employers listed. Over claimant's hearsay objections, counsel for E/C was allowed to elicit the investigator's testimony concerning the results of his investigation. The investigator testified that the foreman at Nettie's Nursery, a place where Odom claimed to have attempted to secure employment on eight occasions, did not know Odom and had no recollection of Odom.
The deputy also overruled claimant's objections to the investigator's testimony that the personnel coordinator at a Ralston-Purina plant, another place Odom claimed to have applied for employment, told him that they did not have an employment application on Odom and that she had no recollection of Odom having looked for employment there. Finally, E/C's counsel was permitted to ask the investigator, again over objection, whether any of the rest of the prospective employers on the list had any application of Odom on file or had any recollection of Odom to which the investigator answered in the negative.
It is apparent from the deputy's order that his denial of Odom's claim for wage-loss benefits was grounded upon the deputy's finding of insufficiency in Odom's job search. It is equally clear that the deputy's determination in this respect was substantially influenced by the above-referred testimony of the E/C's investigator. The order summarized the investigator's testimony and stated that the deputy accepted it as true. The order, after describing the investigator's testimony as to what the foreman at Nettie's Nursery had informed him, recited:
Thus, it must be concluded that the claimant, in fact, had not applied for work at Nettie's nursery, as testified.
*333 The testimony of the investigator was obviously hearsay under the rules of evidence. See Section 90.801, Florida Statutes (1981). Although Section 440.29(1), Florida Statutes (1981), provides, in part, that in compensation hearings "the deputy commissioner shall not be bound by technical or formal rules of procedure, except as provided by this chapter," neither that section nor any other section of Chapter 440 or the Workers Compensation Rules excepts workers compensation hearings from the applicability of the rules of evidence.[1] Indeed, the rules of evidence have been routinely applied in workers compensation hearings. See Osceola County Commissioners v. Thomas, 416 So.2d 903 (Fla. 1st DCA 1982) (hearsay); Butch's Concrete v. Henderson, 414 So.2d 652 (Fla. 1st DCA 1982) (hearsay); Jones Brothers Landscaping v. Howard, I.R.C. Order 2-3317 (Jan. 16, 1978) (hearsay); Sentry Indemnity Company, I.R.C. Order 2-2905 (Jan. 21, 1976) (hearsay); Romagoza v. Marie of Miami, Inc., I.R.C. Order 2-2777 (June 2, 1975) (hearsay); Spencer v. Chai Convalescent Homes, Inc., I.R.C. Order 2-2768 (Apr. 21, 1975) (hearsay); but cf. Jarvis v. Miami Retreat Foundation, 128 So.2d 393 (Fla. 1961).
Moreover, since the "general law of evidence" was applicable to compensation proceedings prior to the effective date of the Florida Evidence Code (Chapter 90, Florida Statutes), the Evidence Code is applicable to such proceedings by virtue of the provisions of Section 90.103(1) of the Code.
There are, however, decisions which have suggested a relaxed application of the rules of evidence in workers compensation cases. In Ezell-Titterton, Inc. v. A.K.F., 234 So.2d 360 (Fla. 1970), the Court stated:
The Judge was not in error in overruling the employer's objections to introduction of certain hearsay evidence in claimant's behalf for whatever probative value it might have had on the issue of decedent's acknowledgment of the child. Rules of procedure less technical than those followed by the courts are applied to hearings under our Workmen's Compensation Act. Even where strict evidentiary rules are invoked, such evidence as introduced in the instant case may be admissible under the pedigree exception to the hearsay rule for purposes of determining the child's paternity.
[234 So.2d at 365]. See also Jarvis v. Miami Retreat Foundation, supra.
The E/C relies particularly on obiter dictum contained in a footnote in Flesche v. Interstate Warehouse, 411 So.2d 919 (Fla. 1st DCA 1982), wherein this Court observed:
Common sense tells us, for example, that there may be many reasons why a particular person may not be hired for a particular job, and there is no guarantee that the job applicant will be able to learn, much less testify at the hearing, to the real reason why he was not employed. Established case law requires the claimant to show that his inability to secure work is due to his injury, or that because of his injury, he is suffering a loss of wage-earning capacity as to work he is capable of performing. Montgomery Ward and Company v. Hayes, 172 So.2d 581 (Fla. 1965). The nature of these and other work search requirements as a practical matter calls for a great deal of opinion and "hearsay" evidence. It is obviously not practical for a claimant to subpoena 57 different employers to testify why the claimant did not secure a job for which there was an opening. We note in the case before us that, upon objection by the E/C's attorney, the deputy commissioner restricted the claimant's testimony concerning the reasons given by his prospective employers as to why he was not given a job.
*334 [411 So.2d at 925, footnote 13]. In Flesche, supra, the court neither considered nor decided any issue regarding applicability of the rules of evidence. The footnote comment indicates a receptive view to the notion that some flexibility should be tolerated in application of the hearsay rule to work search evidence in compensation proceedings. We do not disagree with the Flesche dictum. However, the substantial hearsay testimony allowed over repeated objections in the case sub judice clearly went to the very heart of the issue being litigated. We do not believe that the courts' expressions in Ezell-Titterton, Jarvis or Flesche can reasonably be read as sanctioning the virtual abandonment of the hearsay rule that would necessarily result from our approval of the kind of hearsay testimony involved in this case.
Whether the deputy would have found that the claimant's job search was inadequate absent the inadmissible testimony of the private investigator is not for us to say. On remand, the deputy will reconsider the evidence without regard to such testimony.
The claimant also contends that the deputy erred in denying wage-loss benefits for the months of January and February, 1983. The E/C concedes, and we agree, that the period of time properly before the deputy on claimant's wage-loss claim was May 1, 1972, through December 31, 1982, and that the deputy's order denying wage-loss benefits through the February 9, 1983, date of hearing was improper.
Finally, the claimant asserts that the order should be reversed on the grounds that the order was entered more than thirty days after the hearing contrary to the provisions of Section 440.25(3)(b), Florida Statutes (1981). The hearing was held on February 9, 1983, and the order was entered on March 28, 1983. The thirty-day statutory requirement is directory only, Scottie-Craft Boat Corporation v. Smith, 336 So.2d 1150 (Fla. 1976), and no prejudice has been shown to have occurred as a result of the order having been entered subsequent to the thirty-day period.
The deputy's order is reversed and the cause is remanded for the deputy's reconsideration of the subject claim and the entry of a new order on the basis of the existing evidence without consideration of the above-referred hearsay testimony.
REVERSED and REMANDED.
WENTWORTH and ZEHMER, JJ., concur.
NOTES
[1] It is interesting to note that prior to a legislative amendment in 1941, Comp.Gen.Laws Supp. 1936, § 5966(29) (a predecessor to Section 440.29) specifically provided that workers compensation proceedings would not be bound either "by technical or statutory rules of evidence" or "technical or formal rules of procedure." The 1941 amendment struck the former, that is, the clause pertaining to the rules of evidence. Chapter 20672, § 10, Laws of Florida 1941.