552 So.2d 304 (1989)
LOWE'S OF TALLAHASSEE and Aetna Life & Casualty Company, Appellants,
v.
Anthony GIAIMO, Appellee.
No. 88-403.
District Court of Appeal of Florida, First District.
November 15, 1989.
James N. McConnaughhay and Gus Vincent Soto, of Karl, McConnaughhay, Roland & Maida, P.A., Tallahassee, for appellants.
Lorin J. Lee, of The Morton Law Center of Tallahassee, P.A., Tallahassee, for appellee.
SHIVERS, Chief Judge.
The claimant in this workers' compensation case sustained an injury during the course of his employment with Lowe's when he twisted his back picking up sheets of material. After seeing a chiropractor and a neurologist, claimant saw Dr. Wingo, an orthopedist, who examined, X-rayed, and placed claimant on an exercise program.
At hearing, the claimant's attorney offered into evidence Dr. Wingo's medical records. These records were offered by purported affidavit of the doctor's record custodian. Although the affidavit was certified by a notary public, it was not signed by the named affiant (the records custodian) or by anyone. The medical records of Dr. Wingo give the claimant a 5% permanent impairment rating with a maximum medical improvement date of March 3, 1987, the date stipulated to between the *305 parties. The employer/carrier (E/C) objected to admission of this evidence on the grounds that it was hearsay. In the January 20, 1988 order the judge of compensation claims found that Dr. Wingo's medical records are records of regularly conducted business and that "business" includes the medical profession under section 90.803(6), Fla. Stat. (1985). The judge also relied on Desmond v. Medic Ayers Nursing Home, 492 So.2d 427 (Fla. 1st DCA 1986) which held the medical records in that case to be a public records and reports hearsay exception under section 90.803(8). The judge found that claimant established a permanent physical impairment. The judge ordered the E/C to pay wage loss benefits for May 1987, June 1987, and November 1987. The E/C appealed.
The judge erred in finding a public records exception under section 90.803(8) in this case. The public records hearsay exception was valid in Desmond because those were reports prepared pursuant to a duty imposed by law. The reporting doctor in Desmond was Dr. Jeffrey J. Sacks, the Acting State Epidemiologist. We wrote in Desmond that Dr. Sacks' report was admissible under the public records exception to the hearsay rule since it was prepared pursuant to a "duty imposed by law as to matters which there was a duty to report." Section 90.803(8), Fla. Stat. (1983). We further stated that Dr. Sacks' duty to report was imposed by section 400.19(3), Florida Statutes
which requires the Department of Health and Rehabilitative Services to conduct at least one unannounced annual inspection of nursing homes, and in the event of a deficiency, to conduct any necessary subsequent inspections to insure nursing home compliance with department standards. Thus, by statute Dr. Sacks was obligated to report the results of field investigators' findings concerning conditions at MANH to the HRS licensing office together with his recommendations pursuant to those investigations.
492 So.2d at 430-31. No such duty applies to Dr. Wingo and his medical records.
In Butch's Concrete v. Henderson, 414 So.2d 652, 653 (Fla. 1st DCA 1982) we reversed the judge's "admission into evidence, over objection, of the unauthenticated medical reports and hospital records... ." We stated that "medical reports are hearsay and should not be admitted over objection in the absence of a stipulation as to their admissibility." Id. at 654. We apply Butch's Concrete to this case on the ground that the Dr. Wingo's medical records were not adequately authenticated. Claimant proffered an unsigned custodian's affidavit to serve as authentication for Dr. Wingo's medical records. The affidavit also fails to lay an adequate predicate required by the statute. For Dr. Wingo's records to have been admissible, claimant would have had to show that they were
1) made at or near the time of the event recorded, 2) by, or from information transmitted by, a person with knowledge, 3) kept in the course of a regularly conducted business activity, and 4) it was the regular practice of that business to make such a record.
Saul v. John D. and Catherine T. MacArthur Foundation, 499 So.2d 917, 920 (Fla. 4th DCA 1986). The affidavit fails to make these requisite showings. For these reasons we find that the affidavit does not provide a sufficient predicate for admission of Dr. Wingo's records into evidence and we reverse the judge's finding of a section 90.803(6), regularly conducted business activity hearsay exception on this ground. We do not decide whether medical records and reports are the same for purposes of applying the mandate of Butch's Concrete.
Because we find that the medical records in this case were inadmissible hearsay we do not consider the merits of the E/C's remaining points on appeal. We reverse the judge's admission into evidence of Dr. Wingo's medical records and remand for further proceedings.
REVERSED AND REMANDED.
BOOTH and THOMPSON, JJ., concur.