566 So.2d 40 (1990)
MARTIN MARIETTA CORPORATION and Scott Wetzel Services, Appellants,
v.
J.E. Roop, Appellee.
No. 89-1989.
District Court of Appeal of Florida, First District.
August 22, 1990.
*41 James M. Hess, of Langston, Hess & Daniels, P.A., Maitland, for appellants.
Bill McCabe, of Shepherd, McCabe & Cooley, Longwood, and J. David Parrish, of Hurt & Parrish, P.A., Orlando, for appellee.
SHIVERS, Chief Judge.
We find competent, substantial evidence in this workers' compensation case to support all the findings and awards of the Judge of Compensation Claims (JCC) but that of permanent total disability. We also discuss the JCC's admission into evidence of the entire transcript from Martin Marietta Corp. v. Glumb, 523 So.2d 1190 (Fla. 1st DCA 1988).
The JCC carefully detailed the medical findings that he accepted regarding claimant's back, exposure to toxic chemicals, and his hearing loss. Orthopedist, Dr. Stanford, and anesthesiologist, Dr. Mauriello, both of whose testimony the JCC accepted, rated claimant between 15 and 20 percent permanently physically impaired due to his compensable back injury and placed considerable restrictions on him. The employer/carrier (E/C) does not challenge the medical opinion relating claimant's 38 percent hearing loss to his work. Dr. Myint, a specialist in industrial medicine and toxicology, testified that claimant was unable to return to work because of his exposure to toxic chemicals at Martin Marietta. This medical evidence combined with the JCC's consideration of such factors as claimant's age, limited education and work history, present compelling grounds for affirmance of the PTD award. However, the E/C points out that the JCC's November 21, 1988 MMI date was that opined to by Dr. Mauriello, the anesthesiologist who testified only on claimant's back condition. Doctors Stanford and Mauriello, upon whom the JCC relied for orthopedic findings, felt claimant's back condition did not preclude some kind of uninterrupted light work. There is no other orthopedic testimony in the record to the contrary. Dr. Myint testified that claimant was not at maximum medical improvement from his chemical exposure condition and the JCC *42 did not discuss claimant's potential in this regard. As in Southern Bell Tel. & Tel. Co. v. Rollins, 390 So.2d 93, 94 (Fla. 1st DCA 1980), "[a]lthough there is extensive testimony providing competent substantial evidence for the finding that claimant is permanently and totally disabled, it is improper to begin payment of permanent benefits without a determination of the date of total MMI." Since there is no evidence that claimant has reached MMI from a toxicological standpoint, we reverse the PTD award and remand to allow a determination of total MMI.
As to the Glumb transcript, we find the JCC erred in admitting the entire transcript from that hearing. The error was harmless, however, because evidence adduced from Dr. Myint, claimant himself, and one other witness who testified at hearing, adequately supports the JCC's findings regarding causation and the conditions of the ablative bonding area in which claimant worked, independent of the Glumb transcript.
As to the JCC's admission of the Glumb transcript, we note that section 440.29(1), Fla. Stat. permits a JCC more latitude than judges of general jurisdiction. Section 440.29(1) provides that a JCC "shall not be bound by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry, or conduct such hearing, in such manner as to best ascertain the rights of the parties." However, in Odom v. Wekiva Concrete Products, 443 So.2d 331 (Fla. 1st DCA 1983) we explained that neither this section nor anything else in the chapter or its rules excepts workers' compensation hearings from the rules of evidence. Further, Fla.W.C.R.P. 4.120(c) 4.120(c) states that "[v]oluminous or cumbersome exhibits shall not be received in evidence unless their use is unavoidable." The Glumb transcript is about 1700 pages long.
In support of the JCC's admission of the Glumb transcript, claimant points to Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242 (Fla. 1st DCA 1984), in which we affirmed the trial judge's admission into evidence of two depositions from a prior case because they fell under the former testimony hearsay exception of section 90.804(2)(a), Fla. Stat. As in the instant case, the prior testimony in Johns-Manville regarded the condition of the work place. In both the instant case and Johns-Manville the objecting party had sufficient opportunity during the prior proceeding to cross-examine the witnesses whose testimony was sought to be introduced under the exception. As a result, most of the requirements of section 90.804(2)(a) were met. Section 90.804(2)(a), however, also requires that the declarant, whose testimony is sought to be introduced, be unavailable. A substantial reason must be shown why the original witness is not available. Johns-Manville, 463 So.2d at 259. The two deponents in Johns-Manville died prior to the hearing. No substantial reason was given in the instant case why witnesses testifying in Glumb were not available; and, in any event, nothing in Johns-Manville indicates that admitting an entire trial transcript into evidence is approved practice.
AFFIRMED in part, REVERSED and REMANDED in part.
JOANOS and MINER, JJ., concur.