PER CURIAM.
Daniel Phillips appeals from a judgment of conviction and sentence for manslaughter and two counts of culpable negligence. We affirm.
The Defendant was involved in a traffic accident which caused the death of Sandra Richardson and serious bodily injury to her two daughters. The Defendant was charged with manslaughter, DUI manslaughter, two counts of DUI manslaughter causing serious bodily injury, and two counts of culpable negligence. The jury found the Defendant guilty of manslaughter and two counts of culpable negligence.
Prior to trial, the court denied the Defendant’s motion in limine to exclude results of a blood test performed by a toxicologist with a Shimatsu gas chromato-graph. The Defendant now argues that the trial court erred in admitting into evidence the results of the blood alcohol test because HRS has not complied with section 316.1932(l)(f)(l), Florida Statutes (1991), which directs HRS to implement rules and regulations to administer the blood tests. Contrary to the Defendant’s contention, HRS has substantially complied with the requirements of section 316.1932(l)(f)(l). State v. Mehl, 602 So.2d 1383, 1385 (Fla. 5th DCA 1992), rev. granted, 617 So.2d 320 (Fla.1993); State v. Burke, 599 So.2d 1339, 1342 (Fla. 1st DCA), rev. denied, 609 So.2d 40 (Fla.1992).
The Defendant also argues that the trial court erred in admitting into evidence, over hearsay objection, the hospital records containing a laboratory report of the Defendant’s blood alcohol content. During the trial, a registered nurse testified that blood was drawn from the Defendant for hospital records but not by the nurse. The nurse further testified that the Defendant’s hospital record was kept in the regular course of business but admitted that he was not the custodian of the records. According to the Defendant, the prosecutor failed to lay the proper foundation to introduce the hospital record as a business record pursuant to section 90.803(6), Florida Statutes (1991).
We agree with the Defendant that the prosecutor did not lay a proper foundation. See Thunderbird Drive-in Theatre v. Reed, 571 So.2d 1341 (Fla. 4th DCA 1990), rev. denied, 577 So.2d 1328 (Fla.1991); Lowe’s of Tallahassee v. Giaimo, 552 So.2d 304 (Fla. 1st DCA 1989). A reversal, however, is not required. Given the testimony at trial, specifically the toxicologist’s test results which showed the same alcohol level as the hospital records, and the Defendant’s failure to show prejudice from the admission, the error was harmless.
*736 The Defendant finally alleges that the statements made by the prosecutor on rebuttal constituted an impermissible comment on the Defendant’s constitutional right to remain silent. Although we find the prosecutor’s statements to be “fairly susceptible” to being construed as comments on the Defendant’s exercise of his privilege against self incrimination, the error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We affirm and, like the Fifth District in Mehl and the First District in Burke, certify the following question to the Florida Supreme Court as one of great public importance:
HAS HRS COMPLIED WITH THE MANDATES OF FLORIDA STATUTE 316.1932(l)(f)(l) BY ADOPTING THE BLOOD ALCOHOL TESTING RULES CONTAINED IN FLORIDA ADMINISTRATIVE CODE RULES 10D-42.028-10D-42.030?
Affirmed; question certified.