HARRIS, Judge.
The record in this case is almost lacking but both sides ignore the fact of the inadequate record and cite facts as though there were some record support for the cite. There is, however, sufficient record on one critical point: appellant’s attorney made no effort to give notice to his client of the hearing on his Motion to Withdraw. Even so, the trial court permitted him to withdraw from the ease. This violated the provisions of Rule 2.060(i), Fla. R. of Jud. Adm:
An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for the withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties. (Emphasis added.)
See Seinsheimer Companies, Inc. v. Cobia Point Condominium Association, Inc., 616 So.2d 1136 (Fla. 3d DCA1993).
The record does reflect that no notice of the hearing on the motion to withdraw was filed in this case.
In an earlier dissolution action, this wife of 36 months was awarded rehabilitative alimony. In this action, she is seeking to convert the rehabilitative alimony into permanent alimony. The husband employed counsel who moved to dismiss the wife’s petition. Some time later, the husband moved from Deltona to Geneva, Florida, and lost contact with his attorney. In his motion to withdraw, instead of listing the husband’s former Deltona address, the attorney listed an address in Port St. Lucie. There is no record explanation for this address.
The former wife, when neither her former husband nor his attorney appeared at the hearing, prevailed on her motion to convert her rehabilitative alimony into permanent alimony. She then had no trouble locating her former husband in Geneva to serve him with a Motion for Contempt.
Claiming to have just learned of the order modifying the alimony award [and there appears to be a legitimate issue on this point], the former husband employed new counsel to seek to have it set aside. The court refused to set aside its order modifying the alimony award because: “The sending of notice to the address listed in the order of withdrawal of the hearing in this ease after the order was entered constituted notice to the Former Husband as a matter of law.”
This, of course, was error. “Notice” is a due process concept and if the trial court errs in entering an order that contains an invalid address, due process is not afforded even though the other party may comply with that order. The order granting the attorney’s motion to withdraw was entered in error because it is apparent from the record that no attempt was made to serve appellant with notice of the hearing on the Motion to Withdraw. Further, when the Appellant was finally properly served, he testified that he was not given notice of the hearing on the *888 former wife’s motion to modify alimony. This sworn testimony rebuts the presumption created by the Certificate of Service and creates a fact issue, not a law issue as indicated by the trial judge, as to whether notice was actually received. Abrams v. Paul, 453 So.2d 826, 828 (Fla. 1st DCA 1984).
Because the trial court erred in granting the Motion to Withdraw when the record shows that no effort was made to notify the client and because the court erred in determining that Appellant had notice of the hearing on the former wife’s petition to modify the alimony award “as a matter of law,” we reverse the Order Awarding Permanent Alimony and remand. The court may reconsider the issue as to whether Appellant actually received notice of the .hearing on the former wife’s petition and merely elected to ignore it. If the court revisits the issue, however, it should determine the question as one of fact not law. Unless the court finds that Appellant had such notice, a new hearing on the former wife’s petition must be held.
REVERSED AND REMANDED.
DAUKSCH and COBB, JJ., concur.