BENTON, Judge.
An employer and its insurance carrier ask us to overturn an order on compensability. The order states that the judge of compensation claims relied on certain documents in reaching his decision. The documents in question — a medical narrative and a separate addendum — are hearsay which does not fall within the exceptions set out in section 90.803(4) or (6), Florida Statutes (1995). Scotty’s, Inc. v. Sarandrea, 645 So.2d 121, 123 n. 1 (Fla. 1st DCA 1994) (doctor’s letter inadmissible hearsay); Lowe’s of Tallahassee v. Giaimo, 552 So.2d 304 (Fla. 1st DCA 1989); Odom v. Wekiva Concrete Prods., 443 So.2d 331 (Fla. 1st DCA 1983).
If these documents, exhibits which were created for purposes of litigation with the assistance of — one was drafted by— claimant’s counsel, are viewed as “medical *391 reports,” they fall outside the scope of section 440.29(4), Florida Statutes (Supp.1994), and Florida Rule of Workers’ Compensation Procedure 4.065(k), which render admissible medical reports only of authorized treating physicians. See Rucker v. City of Ocala, 684 So.2d 886, 840 (Fla. 1st DCA 1996), review dismissed, 689 So.2d 1071 (Fla.1997). Here compensability was contested and no physician had been authorized to treat the claimant.
Both documents were nevertheless received in evidence — over objection which all concerned understood to be on hearsay grounds — and became the explicit basis for the order under review. “The Florida Evidence Code applies to workers’ compensation proceedings.” Alford v. G. Pierce Woods Mem’l Hosp., 621 So.2d 1380, 1382 (Fla. 1st DCA 1993); Sarandrea; Martin Marietta Corp. v. Roop, 566 So.2d 40 (Fla. 1st DCA 1990); Giaimo; Odom. The documents’ admission was error. The use made of them precludes any claim that the error was harmless.
The order on compensability is reversed, and the case is remanded for further proceedings consistent with this opinion.
BARFIELD, C.J., and ERVIN, J., concur.