BENTON, Judge.
Luthene C. Paul’s employer, E-Z Serve Convenience Stores, Inc. (E-Z), and AIG Claims Services, Inc. (AIG), its workers’ compensation insurance carrier, argue for reversal of a compensation order in favor of Ms. Paul. We address only one of the points they raise. Persuaded that the judge of compensation claims erred in receiving testimony over the telephone that had been duly objected to — on grounds that it did not meet the requirements of Florida Rule of Workers’ Compensation Procedure 4.075(f)(3) — we reverse the order under review, which expressly relies on the testimony in question, and remand for further proceedings.
Ms. Paul experienced severe back pain lifting a case of Gatorade at work. A Dr. Mozingo attributed Ms. Paul’s back problems to a preexisting condition — spinal canal sten-osis — and expressed the opinion that the industrial accident was not the major contributing cause of her symptoms.
At Ms. Paul’s instance, a Dr. Wall performed an independent medical examination. He testified on deposition to a causal relationship between Ms. Paul’s problems and the industrial accident, but he did not testify that the accident was the major contributing cause of Ms. Paul’s need for treatment.
*302 Ms. Paul listed Dr. Wall on a supplemental witness list as one of several “persons [who] may be called as witnesses at the trial.” When the time came, however, Ms. Paul proposed that Dr. Wall testify by telephone. E-Z and AIG objected, raising the question whether a notary public would be in Dr. Wall’s presence to administer the oath.
The Florida Rules of Workers’ Compensation Procedure specify that, before telephonic testimony is taken, “the oath shall be administered in the physical presence of the witness, by a notary public or officer authorized to administer oaths.” Fla. R. Work. Comp. P. 4.075(f)(3) (1997). Instead, Ms. Paul’s counsel, Mr. Burnetti, administered an oath over the telephone. The person on the other end of the line testified that Ms. Paul’s industrial accident was the major contributing cause of her back condition and the need for treatment.
One purpose of Florida Rule of Workers’ Compensation Procedure 4.075(f)(3) is to ensure the identity of the witness who is testifying. After the oath is administered, the person who administers the oath must file with the judge of compensation claims a certificate attesting to the identity of the person who took the oath. See Fla. R. Work. Comp. P. 4.075(f)(3); see also § 92.50(a), Fla. Stat. (1997) (establishing procedures for making such certificates). Here the judge of compensation claims inquired, as follows:
THE COURT: What arrangement have you made to swear in Dr. Wall[ ]? Do you know him, do you want to swear him in?
MR. BURNETTI: Yes, your Honor.
Mr. Burnetti’s response to this compound question is ambiguous. Nor did other record evidence establish that Mr. Burnetti even knew Dr. Wall. Mr. Burnetti’s associate, who was not present at the merits hearing, had examined Dr. Wall at the deposition, in which Mr. Burnetti did not participate. Counsel who know a telephonic witness’s identity are free to waive rule requirements in the interests of the efficient administration of justice. But here, as a technical matter, the record does not establish the identity of the person who testified or that counsel who lodged the objection was aware of his identity.
The testimony Dr. Wall gave on deposition was not sufficient in itself to support a finding that lifting the Gatorade was the major contributing cause of Ms. Paul’s condition and need for treatment. See Orange County MIS Dept. v. Hak, 710 So.2d 998, 999 (Fla. 1st DCA 1998); Mangold v. Rainforest Golf Sports Ctr., 675 So.2d 639, 642 (Fla. 1st DCA 1996). While the deposition testimony did indicate a causal link between the accident and Ms. Paul’s back condition, additional evidence was necessary to show that the accident was the major contributing cause. See Claims Management, Inc. v. Drewno, — So.2d -, 1998 WL 702274 (Fla. 1st DCA 1998).
The judge of compensation claims relied upon Dr. Wall’s telephonic testimony as establishing the industrial accident as the major contributing cause of Ms. Paul’s need for treatment.
“The use of [the telephonic testimony] precludes any claim that the error was harmless.” ITT/Palm Coast Utils. v. Douglas, 696 So.2d 390, 390 (Fla. 1st DCA 1997). See State v. Arroyo, 422 So.2d 50, 51 (Fla. 3d DCA 1982).
Reversed.
VAN NORTWICK and PADOVANO, JJ., concur.