VAN NORTWICK, J.
 

 In this workers’ compensation appeal, Peggy Amos, claimant, seeks reversal of an order of the Judge of Compensation Claims (JCC) denying her claim for permanent total disability (PTD) benefits and argues four grounds for reversal. Because we agree that the JCC reversibly erred by utilizing an improper legal standard for rejecting the opinion of the expert medical examiner (EMA), and by admitting a functional capacity evaluation (FCE) report into evidence over claimant’s hearsay and authenticity objections, we reverse and remand for further proceedings. In view of our holding, we need not reach the merits of claimant’s remaining arguments that the JCC erred in denying PTD benefits, penalties, interest, costs, and attorney’s fees.
 

 Background
 

 Prior to her workplace accident of April 6, 2005, claimant, a 59 year-old clerical worker, had three surgeries on her lower back, the last being a lumbar fusion. For her preexisting lumbar problem, claimant obtained a continuing prescription for pain medication, which was taken on an as-needed basis. At the time of claimant’s workplace accident, she had not seen a physician for her lower back for the better part of a year. On April 6, 2005, claimant fell down a flight of twenty-two stairs, injuring her neck and aggravating the lumbar injuries. Gartner, Inc. and Sentry Insurance, the employer/carrier, authorized Dr. Dusseau, who treated both conditions (which treatment included a cervical fusion), placed claimant at maximum medical improvement (MMI), and, on July 25, 2007, placed her on a no-work status. Claimant filed a claim for PTD benefits from July 25, 2007, and continuing. In response, the employer/carrier obtained an independent medical examination (IME) with Dr. Glasser, who opined that claimant’s injuries (both cervical and lumbar) and resulting restrictions were not caused in major part by her workplace injury. The employer/carrier denied claimant’s claim for PTD on the basis of the IME opinion. Based on a disagreement in medical opinions, the employer/carrier moved for appointment of an EMA, which the JCC granted. The JCC wrote a letter to the EMA, posing five questions relating to: (1) claimant’s diagnosed conditions; (2) the major contributing cause of the diagnosed
 
 *831
 
 conditions; (3) whether claimant had reached MMI and had a permanent impairment; (4) whether there were permanent restrictions; and (5) apportionment. The JCC directed the parties to furnish to the EMA all necessary medical records.
 

 The EMA prepared a narrative report in which he provided, inter alia, his opinion as to the diagnosis with respect to claimant’s lower back condition
 
 [1]
 
 (lumbar myo-fascial syndrome and chronic pain syndrome of lumbar and myofascial origin), which was caused in major part (60%) by the workplace accident. As to work restrictions, the EMA opined that claimant was capable of “limited sedentary work” consistent with an FCE report. In addition to his narrative report, the EMA “presumably” hand-wrote responses to the JCC’s questions on the JCC’s letter.
 
 [2]
 
 These responses were consistent with the narrative report on the issues of diagnosis and causation, but contained a different date of MMI and, instead of limited “sedentary” duty, as stated in the report, indicated claimant was capable of limited “light-duty” work. The EMA was not deposed.
 

 The parties attended a merit hearing at which time the JCC entered into evidence the EMA’s report and the JCC’s letter with the handwritten notations. The employer/carrier moved to admit an FCE report into evidence, to which claimant objected on the grounds of authenticity and hearsay. The JCC admitted the FCE report, stating on the record that he did not believe that the “strict” rules of evidence applied to workers’ compensation proceedings. Although the FCE report was referred to by several medical witnesses, no foundation for its admissibility was offered.
 

 In the final merit order, the JCC, relying on this court’s holding in
 
 Fitzgerald v. Osceola County School Board,
 
 974 So.2d 1161 (Fla. 1st DCA 2008), ruled that he was granting no extra weight to the EMA’s opinions because the opinions, as expressed in the handwritten correspondence and the narrative report, were inconsistent on “two critical issues of fact”: the date of MMI and the degree of the permanent work restrictions. The JCC concluded that, because the EMA failed to render definitive opinions on these two issues, none of the EMA’s opinions were afforded the presumption of correctness as provided in section 440.13(9)(c), Florida Statutes (2004). Further, because the JCC found the remainder of the medical evidence equivocal and unreliable, he found that claimant failed to meet her burden in proving the diagnosis as to her lower back injury and its occupational causation. Based on these findings, the JCC denied PTD benefits. In making his findings, and analyzing the evidence, the JCC relied on statements contained in the unauthenticated FCE report. This appeal followed.
 

 Rejection of the EMA’s Opinions
 

 If there is a disagreement in the opinions of health care providers, the legislature has mandated that the JCC shall appoint an EMA.
 
 See
 
 § 440.13(9)(c), Fla. Stat. (2004). Further, the report or testimony of the EMA shall be admitted into evidence,
 
 see
 
 section 440.25(4)(e), Florida
 
 *832
 
 Statutes (2004), and the opinion of the EMA is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the JCC.
 
 See
 
 § 440.13(9)(c), Fla. Stat. (2004);
 
 see also Mobile Med. Indus. v. Quinn,
 
 985 So.2d 33, 36 (Fla. 1st DCA 2008) (stating an EMA’s opinion is presumptively correct unless JCC finds and articulates clear and convincing evidence to the contrary). We have explained that the EMA’s opinion has “nearly conclusive effect.”
 
 Pierre v. Handi Van, Inc.,
 
 717 So.2d 1115, 1117 (Fla. 1st DCA 1998)
 

 Here, the JCC, relying on this court’s opinion in
 
 Fitzgerald,,
 
 974 So.2d at 1163-64, disregarded all of the EMA’s opinions because, in the view of the JCC, the EMA was inconsistent and thus, not “definitive” in his opinions regarding the date of MMI and claimant’s precise permanent work restrictions. Significantly, however, the JCC did not make a finding as to the existence of clear and convincing evidence rebutting the presumed correctness of the EMA’s opinions as to claimant’s lumbar diagnoses, and the major contributing cause of that condition — both vital issues upon which the EMA’s opinion was sought. To the contrary, the JCC found the evidence opposing these opinions unclear and unreliable.
 

 The JCC’s reliance on
 
 Fitzgerald
 
 to support an alternate and non-statutory means by which the EMA’s opinion could be avoided is misplaced. In
 
 Fitzgerald,
 
 the EMA could not, and did not, give a definitive opinion on the disputed issue of major contributing cause.
 
 See Fitzgerald,
 
 974 So.2d at 1162-63. Thus, in
 
 Fitzgerald,
 
 where the EMA gave no opinion on the central issue in dispute, this court held that the black-letter rules (affording the presumption of correctness in the absence of clear and convincing evidence to the contrary) did not apply, and the EMA’s opinion could be used (without the presumption of correctness) to assist the JCC in making the ultimate finding of fact.
 
 See id.
 
 at 1164. Nothing in
 
 Fitzgerald,
 
 or, more importantly, the statute, allows a JCC to disregard the presumed correctness of an EMA’s unequivocal opinions relative to issues upon which the EMA’s assistance was sought, without the JCC first making a finding as to the existence of clear and convincing evidence which contradicts the presumed correctness of the opinion.
 
 See
 
 § 440.13(9)(c), Fla. Stat. (2004). Although this court might envision circumstances where inconsistencies in an EMA’s report or the absence of a proper foundation supporting the EMA’s opinion could serve as clear and convincing evidence rebutting the opinion’s presumed correctness, this is not such a case.
 

 The JCC ordered the parties to provide the EMA those medical records necessary to establish the foundation for his opinions. After the EMA rendered his opinions, neither party, despite an express allowance granted by the JCC, deposed the EMA to establish either the foundation of his opinions or whether, in fact, the EMA was materially inconsistent in rendering his opinions. The JCC found the evidence opposing the EMA’s opinion unclear, equivocal, and unreliable. Nevertheless, the JCC, instead of following the procedure for resolution of medical disputes as required by section 440.13(9)(a)-(f), disregarded the EMA’s opinion (and the presumptive correctness attached thereto) based on an unwarranted expansion of this court’s holding in
 
 Fitzgerald.
 
 Because the EMA’s opinion was clear and unequivocal as to claimant’s lumbar diagnosis and the major contributing cause of same and, further, because the JCC found the evidence to the contrary was not clear and convincing, the JCC committed error by not accepting these opinions.
 

 
 *833
 

 Admissibility of FCE Report
 

 The Florida Evidence Code applies to workers’ compensation proceedings.
 
 U.S. Sugar v. Henson,
 
 823 So.2d 104, 106 (Fla.2002);
 
 Alford v. G. Pierce Woods Mem’l Hosp.,
 
 621 So.2d 1380, 1382 (Fla. 1st DCA 1993);
 
 see generally
 
 Charles W. Ehrhardt,
 
 Florida Evidence
 
 § 103.3 (2008). Although section 440.29(1), Florida Statutes (2008) (stating a JCC shall not be bound by technical or formal rules of procedure), permits a JCC more latitude than judges of general jurisdiction, neither this section nor any other provision in the workers’ compensation law, excepts workers’ compensation hearings from the rules of evidence.
 
 See Martin Marietta Corp. v. Roop,
 
 566 So.2d 40, 42 (Fla. 1st DCA 1990).
 

 Authentication of evidence is required as a condition precedent to its admissibility.
 
 See
 
 § 90.901, Fla. Stat. (2008). Evidence sufficient to support a finding that the matter in question is what its proponent claims satisfies the authenticity requirement.
 
 See id.
 
 Extrinsic evidence of authenticity is required except for those documents which are self-authenticating.
 
 See
 
 § 90.902(1)-(11), Fla. Stat. (2008). Except as provided by statute, hearsay evidence is inadmissible.
 
 See
 
 § 90.802, Fla. Stat. (2008). Where no proper foundation is laid, a record cannot be admitted under an exception to the hearsay rule.
 
 See Lowe’s of Tallahassee v. Giaimo,
 
 552 So.2d 304, 305 (Fla. 1st DCA 1989) (reversing JCC’s admission of records into evidence where foundation satisfying rules of admissibility not established).
 

 Contrary to the JCC’s pronouncement at hearing, the rules of evidence apply to workers’ compensation proceedings. Here, the employer/carrier offered no evidence establishing the authenticity of the FCE report (and the JCC found that document was not authenticated), and, likewise, no exception to the rule against hearsay was established. Although some of the doctors relied on the results of the FCE to varying degrees, such reliance does not make the FCE report itself admissible for other purposes.
 
 See Linn v. Fossum,
 
 946 So.2d 1032, 1037-38 (Fla.2006) (explaining the rationale for prohibiting an expert to serve as conduit for introduction of otherwise inadmissible evidence is that admission of such evidence undermines rules of evidence that would have precluded omission of otherwise potentially unreliable evidence).
 

 In the order under review, the JCC did not consider the FCE report merely as a foundation for the opinions of some of the doctors’ opinions. Rather, he assumed the statements in the FCE report to be true and used such statements as a basis to independently analyze the remainder of the evidence. The admissibility and reliability of the FCE report, however, were never established in accordance with the applicable rules of evidence. The FCE report in question contains an unidentified individual’s opinion on matters which are particularly susceptible to cross-examination, including claimant’s predicted functional capacity over prolonged periods projected into the future. Under these facts, the JCC erred in admitting and independently relying upon the FCE report over claimant’s authenticity and hearsay objections. Consequently, the JCC erred in relying on statements in the FCE report for the truth of the matter asserted.
 

 Conclusion
 

 On remand, the JCC is directed to accept the EMA’s opinions on the issues relating to claimant’s lumbar injuries and to make a determination as to claimant’s entitlement to PTD based on the evidence submitted at the October 24, 2008, hearing, without independent reference to the FCE
 
 *834
 
 report. REVERSED and REMANDED for proceedings consistent with this opinion.
 

 KAHN and BENTON, JJ., concur.
 

 [1]
 

 . The EMA also provided a diagnosis as to claimant's cervical condition (cervical degenerative disc disease with a history of fusion), which he opined was 100% related to the workplace accident. The cervical condition, which the JCC found compensable, is not at issue in this appeal.
 

 [2]
 

 . Because the handwriting on the letter was undated and unsigned, and the EMA was not deposed, the JCC, when admitting the letter into evidence, stated the letter was ''presumably” authored by the EMA.