PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals, and the Employer cross-appeals, an order of the Judge of Compensation Claims (JCC) denying payment of all medical bills save one, and awarding costs and attorneys’ fees associated with that bill. For the reasons stated below, we affirm the issues raised on appeal. We reverse the award of the single medical bill, and the costs and attorney’s fees associated therewith, challenged on cross-appeal.
 

 The JCC admitted, over the Employer’s authenticity and hearsay objections, the medical and billing records of Jackson Memorial Hospital (“Hospital”). This was error, because Claimant failed to present the elements necessary to prove their admissibility. Records of regularly conducted business activity are admissible under section 90.803(6), Florida Statutes, if it is shown that they were “ T) made at or near the time of the event recorded, 2) by, or from information transmitted by, a person with knowledge, 8) kept in the course of a regularly conducted business activity, and 4) it was the regular practice of that business to make such a record.’ ”
 
 Lowe’s of Tallahassee v. Giaimo,
 
 552 So.2d 304, 305 (Fla. 1st DCA 1989) (citing
 
 Saul v. John D. and Catherine T. MacArthur Foundation,
 
 499 So.2d 917, 920 (Fla. 4th DCA 1986)). Here, although the medical and billing records were admitted via deposition of their respective records custodians, Claimant’s counsel failed to elicit evidence of the first and second elements set forth above, even though the Employer timely objected at both depositions and the final hearing for failure to establish authenticity or a predicate to any exception to hearsay.
 

 Specifically, the medical records custodian testified she obtained the records from the file room, they were kept in the normal course of doing business, they were kept in that file room in the normal course of doing business, and they are “an accurate reflection of what the medical records are for Mr. Carlos German.” From this evidence, the JCC could conclude the information was kept in the course of a regularly conducted business activity and it was the regular practice of that business to make such a record. The JCC could not conclude, however, that the records were made at or near the time of the events, nor that they were made by a person with knowledge.
 

 Likewise, the billing records custodian for the Hospital testified the bills were kept in the “normal course of business,” and she printed the electronic file of the current billing records. Additionally, when asked whether she is the person with the most knowledge of the bills, she testified, ‘Yes. I serve as billing records custodian for Jackson Memorial Hospital.” This evidence also does not support a conclusion that the records were made at or near the time of the events by a person with knowledge.
 

 Because the JCC erred in admitting the billing and medical records, it was error to award payment of one of those bills, and any error in denying payment of the other bills is harmless. It follows that the JCC erred in awarding costs and attorneys’ fees associated with those bills.
 

 AFFIRMED in part and REVERSED in part.
 

 HAWKES, THOMAS, and ROBERTS, JJ., concur.