BENTON, C.J.,
concurring.
“If there is disagreement in the opinions of the health care providers, ... the judge of compensation claims shall, upon his or her own motion or within 15 days after receipt of a written request by either the injured employee, the employer, or the carrier, order the injured employee to be evaluated by an expert medical advisor.” § 440.13(9)(c), Fla. Stat. (2005). See Amos v. Gartner, Inc., 17 So.3d 829, 831 (Fla. 1st DCA 2009) (“If there is a disagreement in the opinions of health care providers, the legislature has mandated that the JCC shall appoint an EMA.”); Palm Springs Gen. Hosp. v. Cabrera, 698 So.2d 1352, 1356 (Fla. 1st DCA 1997) (“The requirements of section 440.13(9)(c), Florida Statutes (1995), are mandatory and binding on the judge of compensation claims.”).
In the present case, the disagreement between Dr. DiGeronimo (an authorized treating physician), who opined Ms. Kee-ton’s carpal tunnel syndrome was not related to her 2006 work accident, and the contrary opinions of Dr. Martinez, Dr. Simon, and Dr. Rayhack (an authorized treating physician, Ms. Keeton’s independent medical examiner, and the employer/carrier’s independent medical examiner, respectively), required the judge of compensation claims to appoint an expert medical advisor.