PER CURIAM.
In this workers’ compensation appeal, the employer/carrier (E/C) argues the *265 Judge of Compensation Claims (JCC) erred by: (1) determining that section 440.29(4), Florida Statutes (2008), was not only a business records exception to the hearsay rule under section 90.803(6), Florida Statutes, but also an exception to the section 90.901, Florida Statutes, rule requiring documents be authenticated; (2) failing to require Claimant to prove that her subsequent workplace accident did not break the chain of causation; (3) barring cross-examination of Claimant concerning her choice of treatment regimens; and (4) awarding attorney’s fees and costs. We affirm the JCC’s determinations on the third and fourth issues without further comment. We also affirm the first two issues based on the following analysis.
Section 440.29(4), Florida Statutes, first appeared in the extensive re-write of chapter 440 enacted in the 1993 special legislative session. See Ch. 93-415, § 32, at 153, Laws of Fla. Section 440.29(4), Florida Statutes (2008), provides:
All medical reports of authorized treating health care providers relating to the claimant and subject accident shall be received into evidence by the [JCC] upon proper motion. However, such records must be served on the opposing party at least 30 days before the final hearing. This section does not limit any right of further discovery, including, but not limited to, depositions.
The clear purpose of this statute is to streamline the evidentiary process and do away with the necessity of calling a records custodian to introduce certain medical records.
Medical Reports. Section 440.29(4) provides that “[a]ll medical reports of authorized treating health care providers relating to the claimant and subject accident” are admissible “upon proper motion.” The provision allows the admission of specified medical reports without the necessity of calling the medical record custodian if “proper motion” is made....
Charles W. Ehrhardt, Florida Evidence § 103.3 (2011 ed.) (emphasis added).
Records custodians are normally called for two purposes, to establish that the records meet the criteria of the business records hearsay exception and to establish the authenticity of the records.
Section 440.29(4) relates only to the reports of physicians authorized by the E/C to provide the claimant with medical treatment. See ITT/Palm Coast Utils. v. Douglas, 696 So.2d 390 (Fla. 1st DCA 1997) (reversing JCC’s receipt into evidence, over claimant’s objection, of medical narrative and addendum created for purposes of litigation, because they fell outside scope of section 440.29(4)). Thus, these records are readily available to E/C’s.
Section 90.901, Florida Statutes (2008), states, “[ajuthentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Section 440.29(4) permits only the medical records of the healthcare providers authorized by the E/C (not independent medical examiners, for instance) submitted by motion more than thirty days before the hearing (addressing due process concerns) to “be received into evidence ... upon proper motion.” The thirty-day notice assures that the E/C will have sufficient time to verify the authenticity of the records. Absent a bona fide dispute concerning the veracity of the records, requiring independent proof of authenticity would defeat the purpose of the statute. We, thus, read section 440.29(4) to provide not only a hearsay exception, but also to satisfy the requirement “that the matter in question is what its proponent claims.”
*266 The E/C also challenges the JCC’s failure to require Claimant to prove that the second workplace accident, which occurred on September 24, 2008, did not break the chain of causation between the accident under review, which occurred on August 6, 2008, and the benefits which were awarded. It is undisputed that both accidents involved Claimant’s right arm and hand, and that Claimant’s employer and its workers’ compensation insurance carrier were the same for both dates of accident. There was no suggestion that Claimant suffered from problems with her right arm and hand prior to August 6, 2008. Based on these facts, there was no need for the JCC to address the issue raised by the E/C of whether the second accident broke the chain of causation. As we explained in Bysczynski v. United Parcel Services, Inc., 53 So.3d 328, 331 (Fla. 1st DCA 2010), it would have been error for the JCC to apply a major contributing cause analysis “because all of the medical evidence establishes that the only contributing causes of Claimant’s need for [benefits] were occupational in nature.”
AFFIRMED.
WOLF, RAY, and MAKAR, JJ., concur.