PER CURIAM.
In this workers’ compensation appeal, Claimant argues that the Judge of Compensation Claims (JCC) erred by admitting into evidence, and relying upon, unauthenticated correspondence to support her denial of physical therapy, costs, and attorney’s fees where Claimant objected on authentication and hearsay grounds. She asserts that the correspondence was not a “medical report” under section 440.29(4), Florida Statutes (2011), and the Employer/Carrier (E/C) did not set forth an intent to rely on such a report as required by statute. For the reasons set forth below, we agree and we reverse.
Background
On June 13, 2004, Claimant sustained compensable injuries to her head, neck, and right shoulder when she was attacked by a patient while working as a patient observer for the Employer. Claimant was diagnosed with a cervical strain, right shoulder sprain, anxiety, and multiple forehead abrasions. On November 7, 2007, Claimant was examined by her authorized treating orthopedist Dr. Paul Meli, who found evidence of a shoulder strain/sprain, limited range of motion of the neck, and a trapezial spasm, and ordered an MRI relative to Claimant’s cervical strain. On January 8, 2008, Dr. Meli recommended physical therapy to address Claimant’s cervical spine injury.
On December 3, 2008, Dr. Meli indicated that the temporary exacerbation of Claimant’s preexisting degenerative osteoarthritis of the shoulder and cervical spine had achieved complete resolution, and he placed Claimant at maximum medical im *571 provement (MMI). On November 16, 2009, Claimant returned to Dr. Meli due to pain in her right shoulder and cervical spine; Dr. Meli again recommended physical therapy to address Claimant’s pain complaints and maintained that Claimant’s industrial accident was the major contributing cause (MCC) of the need for the recommended treatment.
On December 3, 2009, Dr. Meli ostensibly wrote a letter addressed “To Whom To May Concern,” indicating that, although Claimant should continue treatment of her right shoulder and cervical spine, after a review of Claimant’s chart, Claimant’s current symptoms were not related to her 2004 industrial accident.
On November 11, 2010, Claimant filed a petition for benefits (PFB) seeking, among other benefits, authorization of physical therapy, as recommended by Dr. Meli on November 16, 2009, re-authorization of Dr. Meli to evaluate Claimant for her work-related injuries, and an independent medical examination (IME). The E/C denied the claim and asserted that, per Dr. Meli’s opinion expressed in his December 3, 2009, correspondence, Claimant’s industrial accident was no longer the MCC of her need for treatment.
On December 29, 2010, Claimant obtained an IME with Dr. Raul Aparicio, an orthopedic surgeon who opined that physical therapy is medically necessary and reasonable to treat Claimant’s injuries from the industrial accident. Dr. Aparicio further opined that Claimant’s industrial accident is the MCC of the need for physical therapy.
Merits Hearing
Immediately before the merits hearing held on December 28, 2012, the E/C filed a motion to continue and asserted that the parties were unable to schedule the deposition of Dr. Meli. The JCC heard the E/C’s unopposed motion for a continuance at the beginning of the merits hearing. The E/C asserted Dr. Meli’s deposition was needed because there was some equivocation in his medical reports. Claimant agreed to the continuance, but counsel for the E/C stated that the E/C would not be prejudiced if the JCC denied the request for a continuance. The JCC, expressing concern that the case had been continued twice before, denied the request for a continuance.
At the merits hearing, the JCC addressed some evidentiary issues surrounding Dr. Meli’s December 3, 2009, correspondence, which formulate the basis of the dispute on appeal. Specifically, the E/C sought to introduce Dr. Meli’s 2009 correspondence, addressed “To Whom it May Concern,” wherein Dr. Meli opined that Claimant’s current symptoms were not related to her industrial accident. Claimant’s counsel argued that the document was inadmissible because it was hearsay and had not been authenticated. Claimant’s counsel further argued that the E/C had not overcome the evidentiary requirements under section 440.29(4), because the correspondence in question was not, in fact, a medical record, and introduction of the 2009 correspondence was not made upon proper motion in accordance with section 440.29(4). The E/C’s counsel indicated that he had not followed the procedure set forth in section 440.29(4) because he had not planned to use the document in his “case-in-chief.” Thereafter, the E/C’s counsel withdrew his statement that he would not be prejudiced by proceeding with the merits hearing. Claimant’s counsel renewed his objection to the introduction of Dr. Meli’s 2009 correspondence on the bases of hearsay, authentication, untimeliness under section 440.29(4), and the fact that it was not an office note contemporaneous with an office visit. After continued debate over the ad *572 missibility of the documents in question, the JCC overruled Claimant’s evidentiary objections on the basis that Claimant had not initially objected to the continuance requested by the E/C.
The parties then proceeded with the merits hearing. In the order on appeal, the JCC denied Claimant’s claims based upon Dr. Meli’s 2009 “correspondence”, which indicated that treatment to Claimant’s right shoulder and cervical spine were not related to her 2004 workers’ compensation injury. The JCC noted the objections of Claimant’s counsel — that this correspondence was a conference summary, not a medical report — but found that the evidence at trial did not support this contention. Claimant timely appealed.
Analysis
Initially, it is noted that the JCC did not make findings as to whether the E/C complied with section 440.29(4), Florida Statutes, whether the document in question was admissible, that is, whether the documents were authenticated, non-hearsay, or exceptions to hearsay, or whether the document in question was indeed a medical record. Rather, the JCC admitted the document in question over Claimant’s counsel’s repeated objections on the preceding bases as a result of Claimant’s counsel’s objection to the E/C’s counsel’s request for a continuance. Because this is not a basis for the admission of evidence, the order on appeal may be reversed on this basis alone.
Statutory Compliance— § Ji,k0.29(U)
Section 440.29(4), Florida Statutes (2011), provides:
All medical reports of authorized treating health care providers relating to the claimant and subject accident shall be received into evidence by the [JCC] upon proper motion. However, such records must be served on the opposing party at least 30 days before the final hearing. This section does not limit any right of further discovery, including, but not limited to, depositions.
(Emphasis added.) In Tutor Time Child Care/Learning Centers v. Patterson, 91 So.3d 264, 265 (Fla. 1st DCA 2012), this court stated “The clear purpose of this statute is to streamline the evidentiary process and do away with the necessity of calling a records custodian to introduce certain medical records.”
Medical Reports. Section 440.29(4) provides that “[a]ll medical reports of authorized treating health care providers relating to the claimant and subject accident” are admissible “upon proper motion.” The provision allows the admission of specified medical reports without the necessity of calling the medical record custodian if “proper motion’’ is made ....
Charles W. Ehrhardt, Florida Evidence § 103.8 (2011 ed.) (emphasis added).
Section 90.901, Florida Statutes (2011), states, “Authentication or identification of evidence is required as a condition precedent to its admissibility. The requirements of this section are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” Section 440.29(4) permits only the medical records of the healthcare providers authorized by the E/C submitted by motion more than thirty days before the hearing (addressing due process concerns) to “be received into evidence ... upon proper motion ” (emphasis added). The thirty-day notice assures that the opposing party will have sufficient time to verify the authenticity of the records. Absent a bona fide dispute concerning the veracity of the records, requiring independent proof of authenticity would defeat the purpose of the statute. Thus, section *573 440.29(4), if adhered to, provides not only a hearsay exception, but also satisfaction of the requirement “that the matter in question is what its proponent claims.” See Patterson, 91 So.3d at 265.
Here, counsel for the E/C conceded that the E/C had not followed the procedure set forth in section 440.29(4). Thus, to the extent the JCC made an implicit finding that the E/C followed the procedure set forth in section 440.29(4), so as to afford hearsay and authentication exceptions, this was error as this finding is not supported by the record.

Evidentiary Analysis

Assuming the JCC’s admission of the document in question constitutes her implicit finding that same was admissible per the rules of evidence, the JCC erred as a matter of law. The Florida Evidence Code applies to workers’ compensation proceedings. U.S. Sugar v. Henson, 823 So.2d 104, 106 (Fla.2002); Alford v. G. Pierce Woods Mem’l Hasp., 621 So.2d 1380, 1382 (Fla. 1st DCA 1993); see generally Charles W. Ehrhardt, Florida Evidence § 103.3 (2011). Although section 440.29(1), Florida Statutes (2011) (stating a JCC shall not be bound by technical or formal rules of procedure), permits a JCC more latitude than judges of general jurisdiction, neither this section nor any other provision in the workers’ compensation law excepts workers’ compensation hearings from the rules of evidence. Amos v. Gartner, Inc., 17 So.3d 829, 833 (Fla. 1st DCA 2009) (citing Martin Marietta Corp. v. Roop, 566 So.2d 40, 42 (Fla. 1st DCA 1990)).
Authentication of evidence is required as a condition precedent to its admissibility. See § 90.901, Fla. Stat. (2011). Evidence sufficient to support a finding that the matter in question is what its proponent claims satisfies the authenticity requirement. See id. Extrinsic evidence of authenticity is required except for those documents that are self-authenticating. See § 90.902(1)-(11), Fla. Stat. (2011). Except as provided by statute, hearsay evidence is inadmissible. See § 90.802, Fla. Stat. (2011). Where no proper foundation is laid, a record cannot be admitted under an exception to the hearsay rule. Amos, 17 So.3d at 833 (citing Lowe’s of Tallahassee v. Giaimo, 552 So.2d 304, 305 (Fla. 1st DCA 1989) (reversing JCC’s admission of records into evidence where foundation satisfying rules of admissibility was not established)).
The admissibility and reliability of Dr. Meli’s December 3, 2009, correspondence was never established in accordance with the applicable rules of evidence. Dr. Meli’s December 3, 2009, correspondence—which, on its face, appears to have been prepared for the purposes of litigation in that it addresses a legal issue only and is not associated with a medical office visit—contains an opinion that, although Claimant needs treatment, Claimant’s current symptoms were not related to her compensable injury. This medical opinion is in direct conflict with that expressed by Dr. Meli on November 16, 2009, in his office note and DWC-25, both of which state that Claimant’s industrial accident remains the MCC of the need for the recommended treatment. Moreover, the document in question—a doctor’s letter— is hearsay not within the exceptions set out in sections 90.803(4) or (6), Florida Statutes (2011). ITT/Palm Coast Utils., CIGNA v. Douglas, 696 So.2d 390 (Fla. 1st DCA 1997) (citing Scotty’s, Inc. v. Sarandrea, 645 So.2d 121, 123 n. 1 (Fla. 1st DCA 1994) (holding doctor’s letter is inadmissible hearsay)). Under these facts, the JCC erred in admitting and independently relying upon the 2009 correspondence over Claimant’s authenticity and hearsay objec *574 tions. Consequently, the JCC erred in relying on statements in the document in question for the truth of the matter asserted to deny Claimant’s request for physical therapy.
REVERSED and REMANDED.
CLARK, WETHERELL, and MAKAR, JJ., concur.