PER CURIAM.
In this workers’ compensation appeal, Richard Taylor, Claimant, argues that the Judge of Compensation Claims (JCC) erred by denying Claimant’s claim for payment of medical bills related to the symptoms Claimant demonstrated when he presented to the hospital for treatment. Because the expert medical advisor (EMA) testified that the compensable injury was the major contributing cause (MCC) of the collection of symptoms that led to the treatment provided to Claimant, and because the JCC failed to cite clear and convincing evidence sufficient to reject the presumed correctness of the EMA’s opinion, we REVERSE.
An EMA’s opinion has nearly conclusive effect, Pierre v. Handi Van. Inc., 717 So.2d 1115 (Fla. 1st DCA 1998), and is presumed to be correct unless the JCC finds and articulates clear and convincing evidence to the contrary. See § 440.13(3)(c), Fla. Stat. (2006); see also Amos v. Gartner, Inc., 17 So.3d 829 (Fla. 1st DCA 2009). Although the JCC states that she relied upon the EMA’s medical *699 opinions regarding the nature of Claimant’s condition and need for treatment, the JCC miseharacterized the EMA’s deposition testimony relative to the MCC of the collection of symptoms that led to the treatment provided at Memorial Hospital West. Even though the EMA opined that Claimant’s compensable injury was not the MCC requiring the installation of a permanent pacemaker in Claimant, the EMA testified that Claimant’s compensable injury was the MCC of the collection of symptoms that led to treatment provided at Memorial Hospital West. Absent clear and convincing evidence to reject same, the JCC erred in finding that Claimant’s com-pensable accident was not the MCC of the collection of symptoms that led to the treatment provided at the hospital. Accordingly, Claimant is entitled to payment for all reasonable and medically necessary services related to the collection of symptoms Claimant presented with on March 11th, based on the testimony from the EMA. Accordingly, the order on review is reversed and remanded for entry of an order consistent with this opinion.
REVERSED and REMANDED.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.