# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2176

_____

KURT FALK,

    Appellant,

    v.

HARRIS CORPORATION and
LIBERTY INSURANCE
CORPORATION,

    Appellees.

_____

CORRECTED PAGES: pg 2
REMOVED THE WORD 'THE'
FROM LAST SENTENCE
MAILED: April 16, 2019

On appeal from an order of the Judge of Compensation Claims.
Robert L. Dietz, Judge.

Date of Accident: November 12, 2011.

April 11, 2019

PER CURIAM.

Kurt Falk, a worker's compensation claimant, appeals an order denying permanent total disability benefits and impairment benefits. The Judge of Compensation Claims (JCC) based the denial on the opinion of an expert medical advisor (EMA) who deferred to another physician on the primary issues in disagreement. Although section 440.13(9)(c), Florida Statutes (2011), affords an EMA's opinion a presumption of correctness, here the EMA did not offer an opinion but merely deferred to the opinion of another. We therefore conclude that the JCC should

have granted Falk's motion to strike the EMA and appoint another. Accordingly, we reverse the order on appeal.

After three neurologists expressed separate opinions about Falk's head injury and apparent seizure disorder, the JCC appointed Dr. Theofilos, a neurosurgeon, as the EMA to resolve the conflict. Although none of the disagreeing neurologists had addressed Falk's other, less significant, injuries, Dr. Theofilos provided a medical opinion *only* as to those less significant injuries to Falk's spine. Dr. Theofilos indicated that his diagnosis included post-concussive syndrome, but he expressly deferred to one of the three disagreeing neurologists—Dr. Tatum—concerning all other aspects of the head injury. The JCC ultimately accepted Dr. Theofilos's decision to defer to Dr. Tatum as an "indirect," but nevertheless appropriate, response to the disagreement about the head injury. The JCC then applied the presumption of correctness to Dr. Theofilos's decision to defer to the opinions of Dr. Tatum, finding no clear and convincing evidence to do otherwise.

Section 440.13(9)(c) mandates the appointment of an EMA when a disagreement exists between the opinions of two healthcare providers. *See, e.g., Amos v. Gartner, Inc.,* 17 So. 3d 829, 831 (Fla. 1st DCA 2009). The advisor's opinion "is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the [JCC]." § 440.13(9)(c), Fla. Stat. (2011). This court has described the expert medical advisor's opinion as having "nearly conclusive effect." *Amos*, 17 So. 3d at 831-32 (citing *Pierre v. Handi Van, Inc.*, 717 So. 2d 1115, 1117 (Fla. 1st DCA 1998)). But here, the EMA offered no independent opinion regarding the head injuries or any view that Dr. Tatum's opinion was correct. He simply deferred to Dr. Tatum. A blanket deference is not an EMA opinion for purposes of section 440.13(9)(c). Because Dr. Theofilos declined to express an independent opinion regarding the medical issues in conflict, the JCC should have stricken him as the EMA and appointed another. For all of these reasons, we reverse the order below and remand for the appointment of an alternate EMA and for further consideration of Falk's claims.

REVERSED and REMANDED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

2

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Brigitta Hawkins of Bogin, Munns & Munns, P.A., Titusville, and Bill McCabe of William J. McCabe, Longwood, for Appellant.

James M. Hess of Langston Hess & Moyles, P.A., Maitland, for Appellees.